**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq., Cal. Bar No. 185123
eric@kingsleykingsley.com
LIANE KATZENSTEIN LY, Esq., Cal. Bar No. 259230
liane@kingsleykingsley.com
ARI J. STILLER, Esq., Cal. Bar No. 294676
ari@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

Attorneys for Defendants
Kingsley & Kingsley APC and Eric Kingsley

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. LIBMAN an individual, LAW OFFICES OF MICHAEL J. LIBMAN, APC, a California Professional Corporation; BARBARA LIBMAN, on behalf of the class of U.S. Citizens and Residents; MINOR "A" by and through the minor's parents MICHAEL J. LIBMAN AND BARBARA LIBMAN; MINOR "B" by and through the Minor's parents MICHAEL J. LIBMAN and BARBARA LIBMAN<br><br>PLAINTIFF,<br><br>v.<br><br>UNITED STATES OF AMERICA; National Government; US ATTORNEY GENERAL MERRICK B. GARLAND, in his official capacity; TRACY L. WILKISON, in her official capacity; KRISTI KOONS JOHNSON, in her official capacity MELISSA J. MILLS, ESQ (USACAC) in her individual | CASE No. 2:21-CV-09455- FMO (MAAx)<br><br>**DEFENDANTS KINGSLEY & KINGSLEY AND ERIC KINGSLEY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Fed. R. Civ. P. 12(B)(6))**<br><br>Date:          February 10, 2022<br>Time:          10:00 a.m.<br>Location:    Courtroom 6D<br><br>Complaint Filed: December 6, 2021 |

1

capacity; FBI SPECIAL AGENT
ANDREW CIVETTI in his individual
capacity; FBI SPECIAL AGENT
JULIENNE MAYFIELD in her
individual capacity; FBI SPECIAL
AGENT JOHN DOE in his individual
capacity; FBI SPECIAL AGENT JIM
DOE in his individual capacity; FBI
SPECIAL AGENT THOMAS
RUSCITTI, in his individual capacity;
BRIAN S. KABATECK, ESQ, in his
individual capacity and as an actor
under color of state law; KABATECK,
LLP, entity of unknown form;
MICHAEL FEUER, in his individual
capacity; JUDGE ELIHU M. BERLE,
in his individual capacity; CITY OF
LOS ANGELES, a municipal entity;
MARIBETH ANNAGUEY, ESQ.
individually; ERIC M. GEORGE,
individually; ERIC KINGSLEY an
individual; KINGSLEY AND
KINGSLEY, entity form unknown;
NICOLA HANNAH in his individual
capacity; MACK ERIC JENKINS,
ESQ. in his individual capacity and
DOES 3 to 300 inclusive,

DEFENDANTS.

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 10, 2022, at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 6D of the United States Courthouse located at 350 West 1st Street, Los Angeles, CA, 90012, before the Honorable Fernando M. Olguin, Defendants Kingsley & Kingsley and Eric Kingsley ("Kingsley Defendants") will, and hereby do, move the Court for an order dismissing with prejudice Plaintiff's Complaint (Doc. 1). This Motion is made on the following grounds:

1.     The Kingsley Defendants are immune from being sued for providing testimony in a judicial proceeding.

2.     The claims against the Kingsley Defendants fail to state a claim upon which relief can be granted and are uncertain.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, as set forth in the accompanying Declaration of Liane Katzenstein Ly. The Kingsley Defendants provided the substance of the contemplated motion to Plaintiff's counsel on January 4, 2022 and agreed to conduct a Zoom conference with Plaintiff's counsel at a time he had indicated he was available on January 5, 2022. However, Plaintiff's counsel declined to conduct the conference, stating that it would not be productive.  The Kingsley Defendants' Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Liane Katzenstein Ly, the Request for Judicial Notice, the pleadings and documents on file, and such other evidence and argument as may be presented at the hearing.

DATED: January 12, 2022            KINGSLEY & KINGSLEY, APC


                                   By: */s/ Ari J. Stiller*
                                   Ari J. Stiller
                                   Attorneys for Defendants Kingsley &
                                   Kingsley and Eric Kingsley

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# **TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................8

II.     RELEVANT FACTS.......................................................................9

III.    STANDARD FOR RULING ON A MOTION TO DISMISS ....................10

IV.     THE KINGSLEY DEFENDANTS ARE IMMUNE FROM BEING SUED
        FOR TESTIFYING IN A LEGAL PROCEEDING.....................................11

V.      PLAINTIFFS HAVE NOT STATED A SECTION 1983 CLAIM AGAINST
        THE KINGSLEY DEFENDANTS .......................................................13

        A.     The Complaint Fails to Allege Facts Showing that Mr. Kingsley
               Acted Under Color of State Law When He Testified Against Michael
               Libman..................................................................................13

        B.     The Truthfulness of Mr. Kingsley's Testimony Was Finally Resolved
               in the *Jones* Action ...............................................................15

               A.     Res Judicata Applies ................................................16

               B.     The Federal Abstention Doctrine Applies ................................17

VI.     PLAINTIFFS HAVE NOT STATED A RALPH ACT CLAIM AGAINST
        THE KINGSLEY DEFENDANTS .........................................................19

VII.    THE COURT SHOULD DENY LEAVE TO AMEND ..............................21

VIII.   CONCLUSION..............................................................................21

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allen v. McCurry*,
  449 U.S. 90 (1980) ........................................................................ 16, 17

*Ashcroft v. Iqbal*,
  556 U.S. ...................................................................... 10, 11, 20

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1990) ........................................................10

*Barnard v. Young*,
  720 F.2d 1188 (10th Cir. 1983) ....................................................14

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................ 10, 20

*Blevins v. Ford*,
  572 F.2d 1336 (9th Cir. 1978) ......................................................11

*Briscoe v. LaHue*,
  460 U.S. 325 (1983) ................................................................ 11, 12

*Burns v. Cty. of King*,
  883 F.2d 819 (9th Cir. 1989) ........................................................12

*Campbell v. Feld Ent., Inc.*,
  75 F. Supp. 3d 1193 (N.D. Cal. 2014).............................................19

*Collins v. Womancare*,
  878 F.2d 1145 (9th Cir. 1989) ......................................................13

*Colorado River Water Conservation Dist. v. United States*,
  424 U.S. 800 (1976) ................................................................ 17, 18

*Conley v. Office of the Public Defender*,

5

653 F.2d 1241 (8th Cir.1981) ...................................................................11

*DeGrassi v. City of Glendora,*

207 F.3d 636 (9th Cir. 2000) ..................................................................15

*Franklin v. Terr,*

201 F.3d 1098 (9th Cir. 2000) ...............................................................12

*Gadda v. State Bar of Cal.,*

511 F.3d 933 (9th Cir. 2007) ..................................................................21

*Gilbertson v. Albright,*

(9th Cir. 2004) 381 F3d 965 ..................................................................18

*Harvey v. Harvey,*

949 F.2d 1127 (11th Cir. 1992) ......................................................... 13, 14

*Holt v. Castaneda,*

832 F.2d 123 (9th Cir. 1987) ..................................................................11

*Huffman v. Pursue, Ltd.,*

420 U.S. 592 (1975) ...............................................................................18

*Juidice v. Vail,*

(1977) 430 U.S. 327 .......................................................................... 18, 19

*Lisker v. City of Los Angeles,*

780 F.3d 1237 (9th Cir. 2015) ................................................................12

*Moss v. United States Secret Serv.,*

572 F.3d 962 (9th Cir. 2009) ..................................................................10

*Myers v. Morris,*

810 F.2d 1437 (8th Cir. 1987) ................................................................15

*Paine v. City of Lompoc,*

265 F.3d 975 (9th Cir. 2001) ....................................................... 11, 13, 21

*Palomar Mobilehome Park Ass'n v. City of San Marcos,*

989 F.2d 362 (9th Cir. 1993) ............................................................ 16, 17

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*Rayburn ex rel. Rayburn v. Hogue*,

   (11th Cir. 2001) 241 F.3d 1341 .................................................................13

*Rehberg v. Paulk*,

   566 U.S. 356 (2012) ................................................................... 12, 13

*Simmons v. Sacramento County Superior Court*,

   318 F.3d 1156 (9th Cir. 2003) ....................................................... 13, 15

*Starr v. Baca*,

   652 F.3d 1202 (9th Cir. 2011) ...............................................................11

*Tanasescu v. State Bar of California*,

   No. SACV 11-00700-CJC, 2012 WL 1401294 (C.D. Cal. Mar. 26, 2012).........14

*Wilburn v. Bratcher*,

   *No.* 215CV00699TLNGGH, 2016 WL 4126759 (E.D. Cal. Aug. 2, 2016) ........20

*Winarto v. Toshiba Am. Elecs. Components, Inc.*,

   274 F.3d 1276 (9th Cir. 2001) ................................................................19

*Woods v. Valentino*,

   511 F. Supp. 2d n.19.............................................................................14

*Younger v. Harris*,

   401 U.S. 37 (1971) ...............................................................................17

**State Cases**

*Austin B. v. Escondido Union Sch. Dist.*,

   149 Cal. App. 4th 860 (2007) .................................................................19

**Federal Statutes**

42 U.S.C. § 1983................................................................... 15, 17, 18

**State Statutes**

California Code of Civil Procedure § 51.7(b)(1)....................................................19

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants Kingsley & Kingsley and Eric Kingsley (the "Kingsley Defendants") request that the Court dismiss them from this action. This case arises out of an investigation into misconduct by Plaintiff Michael Libman. He had served as class counsel for LADWP ratepayers in a Los Angeles Superior Court case but was removed after the court found that he made false statements and engaged in ethical violations. The state court ordered him to disgorge $1.65 million in attorneys' fees and pay over $100,000 in sanctions, and held him in contempt. He now brings this federal action against 21 defendants involved in investigating his misconduct while continuing to challenge the orders against him in state court.

The Kingsley Defendants are named in two claims—under Section 1983 and California's Ralph Act—based on allegations that Eric Kingsley testified against Michael Libman in the state-court case. These allegations cannot support a claim, however, because witnesses who testify in a legal proceeding enjoy absolute immunity from civil liability predicated on their testimony.

Moreover, the complaint cannot state a 1983 claim because it alleges that Eric Kingsley is a private citizen, not a state actor. Merely appearing as a witness does not transform a private individual into an agent of the state. The 1983 claim also cannot move forward because Mr. Libman has a pending appeal in state court challenging the orders that he claims were obtained unconstitutionally. The state-court rulings are final, and he cannot litigate them in two forums.

Last, Plaintiffs have failed to state any plausible claim under Ralph Act, which protects against violence or violent threats based on a protected characteristic. The Ralph Act claim arises from allegations that the FBI raided Mr. Libman's home in 2020, but there are no allegations tying the Kingsley Defendants to the FBI's raid occurring the year before Mr. Kingsley was called to testify.

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## II.   RELEVANT FACTS

The complaint contains allegations against 21 defendants involved with an investigation into misconduct by Plaintiff Michael Libman when he represented LADWP ratepayers in *Antwon Jones v. City of Los Angeles*, Los Angeles Superior Court Case No. BC577267. Doc. 1 ¶¶ 55, 59, 70–71, 84. On March 4, 2021, Los Angeles Superior Court Judge Elihu Berle found that Mr. Libman engaged in conflicts of interest and misled the Court about his credentials to justify a large fee award. Doc. 1 ¶¶ 16, 25–46, 84, 86, 178, 297; RJN, Ex. 2 (Disgorgement Order). Judge Berle ordered him to disgorge $1.65 million in attorneys' fees and pay over $100,000 in monetary sanctions, issued evidentiary sanctions against him, and held him in contempt of court. Doc. 1 ¶¶ 16, 25–46, 84, 86, 178, 297; RJN, Ex. 2 (Disgorgement Order); RJN, Ex. 4 (Contempt Order).

In the present case, Plaintiff Michael Libman alleges that the Kingsley Defendants violated his constitutional rights and engaged in civil rights violations by testifying against him in the *Jones* case. Doc. 1 ¶¶ 273–289, 346–354, 389–398. Specifically, Mr. Kingsley submitted a declaration stating that his firm, Kingsley & Kingsley, had not co-counseled 32 class action cases with Mr. Libman, contrary to a declaration Mr. Libman submitted making this false claim to justify a fee award. Doc. 1 ¶¶ 273–289; RJN, Ex. 1 (Kingsley Declaration). The court compelled Mr. Kingsley to sit for a deposition, where he stood by his declaration. Doc. 1 ¶ 277, 283–289.

Mr. Kingsley's testimony and other evidence that Mr. Libman misrepresented his credentials factored into Hon. Judge Berle's order that Mr. Libman disgorge attorneys' fees and pay sanctions. Doc. 1 ¶ 297; RJN, Ex. 2 (Disgorgement Order) at 2:23–26 (Libman "misrepresent[ed] substantial portions of his declaration, including statements that involved his credentials"); RJN, Ex. 3 (Sanctions Order) at ¶ 2 (imposing an issue sanction taking it as "established that Libman did not act as co-counsel or perform any work in the 32 class actions he

9

claims he worked on with Kingsley & Kingsley"), ¶ 5 (imposing an issue sanction that he cannot rebut the presumption that "no evidence exists where he refused to answer deposition questions pertaining to . . . the work he claims he did with Kingsley & Kingsley"); RJN, Ex. 4 (Contempt Order),¶ 10 ("Libman knowingly and willfully refuses to answer deposition questions regarding the nature of the work he performed on the thirty two [32] class action cases he claims to have collaborated on with the law firm Kingsley & Kingsley despite being ordered to do so . . . ."). Mr. Libman has appealed the disgorgement order in state court while pursuing the present action. RJN, Ex. 5 (Notice of Appeal).

## III.   STANDARD FOR RULING ON A MOTION TO DISMISS

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("[B]are assertions . . . amounting to nothing more than a 'formulaic recitation of the elements'" of a claim "are not entitled to an assumption of truth") (quoting *Iqbal,* 556 U.S. at 681).

The plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully" or for "facts that are 'merely consistent with' a defendant's liability." *Iqbal*, 556 U.S. at 678. The court must ask whether the pleading's "factual content . . . allows [it] to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Rule 8 does not unlock the doors of discovery

for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. Rather, a plaintiff must *state facts* sufficient to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emph. added).

## IV. THE KINGSLEY DEFENDANTS ARE IMMUNE FROM BEING SUED FOR TESTIFYING IN A LEGAL PROCEEDING

The Court should dismiss all claims against the Kingsley Defendants because they are immune from suit for providing testimony and offering a declaration in the *Jones* case. "[T]hose who testify in the course of judicial proceedings have long enjoyed ***absolute immunity*** from civil suits based on their words, whether perjurious or not." *Blevins v. Ford*, 572 F.2d 1336, 1338 (9th Cir. 1978) (emphasis added); *see also Holt v. Castaneda*, 832 F.2d 123, 127 (9th Cir. 1987) ("[W]itnesses who testify in court at adversarial pretrial hearings are absolutely immune from liability under section 1983 for damages allegedly caused by their testimony."); *Conley v. Office of the Public Defender*, 653 F.2d 1241, 1242 (8th Cir.1981) ("Witnesses are absolutely immune from section 1983 remedy actions arising from their testimony in judicial proceedings.").

"The purpose of such immunity is to encourage witnesses to come forward and speak freely in court by relieving the potential defendant of any fear that he will later have the burden of litigating the propriety of his conduct as a witness." *Paine v. City of Lompoc*, 265 F.3d 975, 980 (9th Cir. 2001); *Briscoe v. LaHue*, 460 U.S. 325, 333 (1983) ("A witness who knows that he might be forced to defend a subsequent lawsuit . . . might be inclined to shade his testimony in favor of the potential plaintiff, to magnify uncertainties, and thus to deprive the finder of fact of candid, objective, and undistorted evidence.")

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

"Absolute witness immunity also extends to preparatory activities 'inextricably tied' to testimony, such as conspiracies to testify falsely." *Lisker v. City of Los Angeles*, 780 F.3d 1237, 1241 (9th Cir. 2015); *Franklin v. Terr*, 201 F.3d 1098, 1101–02 (9th Cir. 2000) (affirming dismissal of § 1983 action because the defendant's "alleged conspiratorial behavior"—conferring with another witness to ensure the consistency of their respective testimony—was "inextricably tied to [the defendant's] testimony," and therefore was absolutely immune); *Rehberg v. Paulk*, 566 U.S. 356 (2012) (extending protection to "preparatory activity . . . such as a preliminary discussion in which the witness relates the substance of his intended testimony").

Immunity pertains to declarations and depositions, in addition to testimony given in open court. For example, the court in *Burns v. Cty. of King*, 883 F.2d 819, 822 (9th Cir. 1989) applied absolute immunity to a witness's declaration, like the one Mr. Kingsley submitted here. *See* Doc. 1 ¶ 273. The issue in *Burns* was whether a social worker who provided an affidavit to the court in a bond revocation proceeding was entitled to absolute immunity under Section 1983. *Id.* at 820. The Ninth Circuit held that the social worker was immune even though she gave testimony via affidavit. Adopting the analysis in *Briscoe* and *Holt*, the court held that declarations are given the same protections as oral testimony provided in an adversarial proceeding. *Id.* at 823.

Plaintiffs' claims against the Kingsley Defendants arise only from Eric Kingsley's testimony in the *Jones* case, along with activity in preparation for testifying, and should therefore be dismissed. Plaintiffs allege that "Mr. Eric Kingsley submitted a very brief and false declaration declaring that [Plaintiff Michael Libman] was in essence merely a tenant and did not 'work' with the Kingsley's [*sic*] on employment class actions over the time that [Mr. Libman] was there." Doc. 1 ¶ 273. The remainder of the allegations have to do with Mr.

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Kingsley's testimony "[a]t the deposition on February 8, 2021." Doc. 1 ¶ 283. According to the Complaint, Mr. Kingsley testified that attorney Brian Kabateck's office had drafted the declaration that Mr. Kingsley signed stating that Mr. Libman had lied about the extent of his co-counseling with the Kingsley firm; he testified that Mr. Kabateck had told Mr. Kingsley "bad things" about Mr. Libman before the deposition; and he testified that Mr. Libman speaks English with a foreign accent. Doc. 1 ¶¶ 284–289.

The Kingsley Defendants enjoy "absolute immunity with respect to any claim based on [this] testimony." *Rehberg*, 566 U.S. at 367. Mr. Kingsley should not have "the burden of litigating the propriety of his conduct as a witness." *Paine*, 265 F.3d at 980. Therefore, the Court should dismiss all allegations against the Kingsley Defendants (the third and eighth counts in the complaint).

## V. PLAINTIFFS HAVE NOT STATED A SECTION 1983 CLAIM AGAINST THE KINGSLEY DEFENDANTS

### A. The Complaint Fails to Allege Facts Showing that Mr. Kingsley Acted Under Color of State Law When He Testified Against Michael Libman

The section 1983 claim also fails because the Kingsley Defendants are private parties, not state actors. To bring a claim under section 1983, the plaintiff must allege that the defendant 1) deprived the plaintiff of a right secured by the U.S. Constitution 2) while acting under color of state law. *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989); *see also Rayburn ex rel. Rayburn v. Hogue* (11th Cir. 2001) 241 F.3d 1341, 1347 ("Only in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes.").

Merely providing testimony in a legal proceeding does not give rise to the state action necessary for a Section 1983 claim. *Harvey v. Harvey*, 949 F.2d 1127, 1134–35 (11th Cir. 1992) ("Use of the courts by private parties does not constitute an act under color of state law.") (citations omitted); *Simmons v. Sacramento*

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (conclusory allegations that a lawyer conspired with court clerks and other state officers were insufficient to render the lawyer a state actor); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983) (taking improper deposition and issuing subpoena do not give rise to state action even if the conduct occurred pursuant to state-authorized power); *Tanasescu v. State Bar of California*, No. SACV 11-00700-CJC, 2012 WL 1401294, at *16 (C.D. Cal. Mar. 26, 2012) (same); *Woods v. Valentino*, 511 F. Supp. 2d at 1274 n.19 ("If the Plaintiff's argument were taken as true, then any time any person ever . . . attempted to protect his or her rights in court, that person would become a state actor.").

The complaint here states that Mr. Kingsley is a "partner, principal, manager, [and] owner of" Kingsley & Kingsley, which is "a law firm based out of Encino." Doc. 1 ¶ 43–44. Plaintiffs recognize this firm as a private business entity with a focus on employment class actions. Doc. 1 ¶¶ 43, 50. The complaint does not contain factual allegations tying Mr. Kingsley to any state action despite his status as a private business owner; it simply alleges that he gave testimony adverse to Mr. Libman. This came in the form of a declaration and deposition testimony suggesting that Mr. Libman falsely stated he had co-counseled 32 class action cases with the Kingsley firm when he had not. Doc. 1 ¶¶ 261, 273, 280–289, 297; RJN, Ex. 1 (Kingsley Declaration), ¶¶ 6–7. While Mr. Kingsley's testimony may have contributed to Judge Berle's order that Mr. Libman disgorge a $1.65 million fee award, giving testimony in a court proceeding does not make the witness a state actor. *Harvey*, 949 F.2d at 1134–35 (11th Cir. 1992); see Doc. 1 ¶¶ 54, 261, 273, 280–289, 297; RJN, Ex. 2 (Disgorgement Order). Moreover, it is not clear why Kingsley & Kingsley is named at all, since the only allegations are based on testimony given by Eric Kingsley. Doc. 1 ¶¶ 273, 283–289.

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

These defects cannot be overcome by conclusory allegations that the Kingsley Defendants engaged in a conspiracy with state actors. The only coordination with other Defendants alleged in the complaint is that Mr. Kingsley spoke with attorney Brian Kabateck about preparing his declaration to submit in the *Jones* action. Doc. 1 ¶ 284. Mr. Kabateck is another private attorney, not a state actor, so any alleged conspiracy with him does not show that Mr. Kingsley acted under color of state law. *Simmons,* 318 F.3d at 1161. Moreover, the mere use of the word "conspiracy" in the complaint is nothing more than a conclusory statement that cannot defeat a motion to dismiss. Doc. 1 ¶¶ 437(g) (listing Mr. Kingsley as "joint actor, collaborator, co-conspirator with Mr. Kabateck and Ms. Mazzella acting under color of state law"); *cf. Simmons,* 318 F.3d at 1161 ("conclusory allegations that the lawyer was conspiring with state officers" is insufficient to avoid dismissal); *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) ("a bare allegation of . . . joint action will not overcome a motion to dismiss"); *Myers v. Morris*, 810 F.2d 1437, 1467 (8th Cir. 1987) abrogated on other grounds by *Burns v. Reed* (1991) 500 U.S. 478 ("in the absence of a sufficiently pleaded conspiracy claim or a genuine factual issue of conspiracy between private parties and state actors, the private individuals were not acting under color of state law for purposes of 42 U.S.C. § 1983 by virtue of the conspiracy claim").

## B.   The Truthfulness of Mr. Kingsley's Testimony Was Finally Resolved in the *Jones* Action

Further, the state court proceedings in the *Jones* action are the exclusive forum for determining whether Mr. Kingsley's testimony in that case was reliable and accurate. *See* Doc. 1 ¶¶ 273, 283–289. This Court should not sit as a de facto Court of Appeals over the state court to decide Mr. Kingsley's credibility and similar issues—least of all while Mr. Libman appeals the state-court orders to which Mr. Kingsley's testimony relates. RJN, Ex. 5 (Notice of Appeal). The Court should dismiss the complaint as to the Kingsley Defendants in deference to the

15

state court rulings under the doctrines of res judicata and abstention of federal jurisdiction.

### A.   Res Judicata Applies

Res judicata bars this Court from relitigating whether Mr. Kingsley gave reliable and accurate testimony in the *Jones* action. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "[F]ederal courts are required to give a state court judgment the same preclusive effect that it would be given by the courts of the state from which it emerged." *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). "While every litigant deserves his or her day in court, few deserve two." *Id.* at 365.

Applying California's res judicata principles, the claims that Plaintiffs assert against the Kingsley Defendants are barred. Plaintiffs allege that Eric Kingsley "gave a brief and false declaration" in the *Jones* action and that he "participated with Judge Berle in a scheme to scapegoat, falsely accuse and deprive [Plaintiff Michael Libman and his law practice] of property" (i.e., the attorneys' fees he had to disgorge). Doc. 1 ¶¶ 273, 347. The propriety of the disgorgement order is the subject to Mr. Libman's appeal pending in the California Court of Appeal, Second Appellate District, case no. B313095. RJN, Ex. 5 (Notice of Appeal); RJN, Ex. 2 (Disgorgement Order) at 2:23–26 (Libman "misrepresent[ed] substantial portions of his declaration, including statements that involved his credentials"); RJN, Ex. 3 (Sanctions Order) at ¶ 2 (imposing an issue sanction taking it as "established that Libman did not act as co-counsel or perform any work in the 32 class actions he claims he worked on with Kingsley & Kingsley").

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

He cannot appeal the disgorgement order in state court while litigating its constitutionality in federal court. He could have asserted the same constitutional violations in the state court proceeding and appealed them there. Allowing him to assert them now in a federal action could lead to inconsistent adjudication with the state appeal and foster piecemeal litigation. *Allen*, 449 U.S. at 101 (where issue was previously decided against plaintiff in state court, he was not entitled to relitigate it in a civil rights action in federal court); *Palomar Mobilehome Park Ass'n,* 989 F.2d at 364 (plaintiff barred from pursuing federal action raising federal constitutional issues that were or could have been litigated in a state court proceeding). The factual issues giving rise to claims against the Kingsley Defendants have been finally determined in state court.

### B.     The Federal Abstention Doctrine Applies

Similarly, the Court should abstain from jurisdiction under the abstention doctrine pending a decision of the California Court of Appeal. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 (1976); *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Colorado River* doctrine, federal courts may abstain from jurisdiction to avoid duplicative litigation. *Colorado River Water Conservation Dist.*, 424 U.S. at 817–818. In deciding whether to abstain pursuant to *Colorado River*, courts consider factors such as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. *Id.* at 818–819. No one factor is determinative. *Id.*

The *Colorado River* factors apply here because Plaintiff Michael Libman litigated a state-court action in which he is either still challenging, or could have challenged, the Los Angeles Superior Court's orders that he disgorge attorneys' fees, pay sanctions, and be held in contempt of court. RJN, Ex. 5 (Notice of Appeal). These are the same orders that he challenges through his Section 1983

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

claim in the present case. Doc. 1 ¶ 350 (Michael Libman seeking "property rights from the *Jones* settlement agreement and Final Judgment"). There is no question that the state court obtained jurisdiction over these claims prior to the present Court. *See* RJN, Ex. 2 (March 24, 2021 Disgorgement Order), Ex. 3 (March 24, 2021 Sanctions Order), Ex. 4 (March 24, 2021 Contempt Order). The Court should abstain from jurisdiction to avoid piecemeal litigation and in deference to an earlier filed state-court action.  *Colorado River*, 424 U.S. at 818–819.

Aside from the *Colorado River* principle, the Court should abstain out of *Younger* deference. Federal courts abstain from jurisdiction where a federal ruling could conflict with civil contempt proceedings in state court. *Juidice v. Vail* (1977) 430 U.S. 327, 335. In *Juidice*, a judgment debtor who was found in contempt by a state court sued under Section 1983 in federal court to enjoin the state-court action. *Id.* at 330. The U.S. Supreme Court held that so-called *Younger* abstention applied, and the District Court should have abstained from jurisdiction. *Id.* at 337. "The contempt power lies at the core of the administration of a State's judicial system." *Id.* at 335. Out of comity and a respect for state sovereignty, federal courts must not interfere. *Id.* at 37. "[T]he principles which underlie *Younger* call for dismissal of the action." *Id.*; *see also Gilbertson v. Albright* (9th Cir. 2004) 381 F3d 965, 968; *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial.")

The Court's acceptance of jurisdiction here could interfere with the state-court contempt order. That order was predicated, in part, on Mr. Libman's refusal to provide testimony justifying his statement that he had co-counseled 32 class-action cases with the Kingsley firm. RJN, Ex. 4 (Contempt Order). This is just like the plaintiff in *Juidice*, 430 U.S. at 329, who failed to testify at a duly noticed

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

deposition. In the present action, Mr. Libman challenges the contempt order, alleging that Judge Berle "granted the motion [by defendant Brian Kabateck] for OSC for contempt relating to discovery," Doc. 1 ¶ 297, and abused the "[c]ontempt and [s]anction [p]ower," Doc. 1 ¶ 304. Although the basis for the 1983 claim against the Kingsley Defendants is unclear, Mr. Libman alleges that Mr. Kingsley and other defendants were in a "symbiotic relationship with the Judge Berle" such that testifying against Mr. Libman in the *Jones* case deprived Mr. Libman of money and property. Doc. 1 ¶¶ 347, 350-51. Presumably, this includes through the imposition of contempt sanctions as alleged earlier in the complaint. See Doc. 1 ¶ 350. This Court may not interfere with Judge Berle's contempt order in *Jones*. It should instead dismiss the complaint pursuant to *Juidice* and *Younger*. *Juidice*, 430 U.S. at 337 ("[T]he principles which underlie *Younger* call for dismissal of the action.").

## VI.   PLAINTIFFS HAVE NOT STATED A RALPH ACT CLAIM AGAINST THE KINGSLEY DEFENDANTS

Finally, Plaintiffs cannot state a claim against the Kingsley Defendants for violating the Ralph Act. Doc. 1 ¶¶ 389- 398. The Ralph Act protects against violence or threats of violence on account of a protected characteristic. *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 880–81 (2007). The elements of the claim are that: "(1) Defendants committed or threatened violent acts against Plaintiffs; (2) Defendants were motivated by their perception of Plaintiffs' [protected characteristic]; (3) Plaintiffs were harmed; and (4) Defendants' conduct was a substantial factor in causing Plaintiffs harm." *Campbell v. Feld Ent., Inc.*, 75 F. Supp. 3d 1193, 1205 (N.D. Cal. 2014). "[T]he plain meaning of the word 'violence,' . . . clearly involves some physical, destructive act." *Id.* (internal quotation omitted); *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1289 (9th Cir. 2001); Cal. Civ. Code § 51.7(b)(1).

Plaintiffs have not stated a claim against the Kingsley Defendants under the Ralph Act because they have failed to allege any act of violence or violent threats. Doc. 1 ¶¶ 389–398. The only allegations arise from testimony that Eric Kingsley gave in the *Jones* case in January and February 2021. Doc. 1 ¶¶ 273–289; RJN, Ex. 1 (Kingsley Declaration). By contrast, the allegations supporting the Ralph Act claim relate to an FBI raid on Michael Libman's home occurring on June 30, 2020. Doc. 1 ¶ 199. Plaintiffs claim that Defendants threatened violence under the Ralph Act when a "machine gun was pointed at Minor B [Michael Libman's son]" during the 2020 raid. Doc. 1 ¶ 393. There are no allegations that Mr. Kingsley was involved in this raid.

Just as with the 1983 claim, the Ralph Act claim cannot survive based on conclusory statements that Mr. Kingsley conspired to violate the Act. See Doc. 1 ¶ 391. A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "*Iqbal*'s plausible complaint rule must be satisfied in a conspiracy claim as in any other type of claim." *Wilburn v. Bratcher, No.* 215CV00699TLNGGH, 2016 WL 4126759, at *7 (E.D. Cal. Aug. 2, 2016).

Here, the complaint does not allege any facts that Mr. Kingsley—a private employment law attorney—was aware of or involved in a 2020 FBI raid of Michael Libman's home. Doc. 1 ¶¶ 43–44. Again, the only facts stated against the Kingsley Defendants are that "Mr. Eric Kingsley submitted a very brief and false declaration" against Mr. Libman in the *Jones* case on January 4, 2021 and that he was compelled to testify in support of his declaration "on February 8, 2021." Doc. 1 ¶ 283; RJN Ex. 1 (Kingsley Decl.). The only alleged coordination with other Defendants came in the form of discussions with attorney Brian Kabateck at or

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

around the time of Mr. Kingsley's 2021 deposition. Doc. 1 ¶ 283–289. There are no plausible allegations tying the Kingsley Defendants to the 2020 FBI raid.

## VII.  THE COURT SHOULD DENY LEAVE TO AMEND

The Court should deny leave to amend. The Kingsley Defendants should not have to undergo the "burden of litigating the propriety of [Mr. Kingsley's] conduct as a witness" any more than they already have. *Paine*, 265 F.3d at 980. As the only facts alleged against the Kingsley Defendants arise from Mr. Kingsley's protected testimony, there is no hope of curing the defects through an amendment.  *Gadda v. State Bar of Cal.*, 511 F.3d 933, 939 (9th Cir. 2007) (affirming dismissal without leave to amend where plaintiff did "not suggest[] any possible way that he could cure his complaint to survive dismissal upon amendment").

## VIII. CONCLUSION

For the above reasons, the Kingsley Defendants respectfully request that the Court grant their Motion to Dismiss as to the entirety of the complaint's allegations against them.

DATED: January 12, 2022                 KINGSLEY & KINGSLEY, APC


By: */s/ Ari J. Stiller*
_____
Ari J. Stiller
Attorneys for Defendants Kingsley &
Kingsley and Eric Kingsley

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**