TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
DAMON A. THAYER (Cal. Bar No. 258821)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6585
    Facsimile: (213) 894-7819
    E-mail: damon.thayer@usdoj.gov

Attorneys for Defendant
United States of America

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MICHAEL J. LIBMAN, an individual; LAW OFFICES OF MICHAEL J. LIBMAN, APC, A California Professional Corporation; BARBARA LIBMAN, on behalf of the class of US Citizens and Residents; MINOR "A" by and through the minor's parents MICHAEL J. LIBMAN AND BARBARA LIBMAN; and MINOR "B" by and through the Minor's parents MICHAEL J. LIBMAN and BARBARA LIBMAN,<br><br>      Plaintiffs, | No. CV 21-9455 FMO (MAAx)<br><br>**EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Declaration of Damon Thayer and Proposed Order Filed Concurrently]*<br><br>Current Response Date: February 17, 2022<br>Proposed Response Date: April 18, 2022<br><br>Honorable Fernando M. Olguin<br>United States District Judge |

1

| | |
|---|---|
| 1 | v. |
| 2 | UNITED STATES OF AMERICA, National Government; US ATTORNEY GENERAL MERRICK B. GARLAND, in his official capacity; TRACY L. WILKISON, in her official capacity; KRISTI KOONS JOHNSON, in her official capacity; MELISSA J. MILLS, ESQ (USACAC), in her individual capacity; FBI SPECIAL AGENT ANDREW CIVETTI, in his individual capacity; FBI SPECIAL AGENT JULIENNE MAYFIELD, in her individual capacity; FBI SPECIAL AGENT JOHN DOE, in his individual capacity; FBI SPECIAL AGENT JIM DOE, in his individual capacity; FBI SPECIAL AGENT THOMAS RUSCITTI, in his individual capacity; BRIAN S. KABATECK, ESQ, in his individual capacity and as an actor under color of state law; KABATECK, LLP, entity of unknown form as state actor under color of law; ANASTASIA MAZZELLA, in her individual capacity, as a partner of KABATECK, and state actor under color of state law; MICHAEL FEUER, in his individual capacity; JUDGE ELIHU M. BERLE, in his individual capacity; CITY OF LOS ANGELES, a municipal entity; MARIBETH ANNAGUEY, ESQ., individually; ERIC M. GEORGE, individually; ERIC KINGSLEY, an individual; KINGSLEY AND KINGSLEY, entity form unknown; NICOLA HANNA, in his individual capacity; MACK ERIC JENKINS, ESQ., in his individual capacity; and DOES 3 to 10 inclusive,<br><br>              Defendants. |

# EX PARTE APPLICATION

Pursuant to Central District Local Rule 7-19, defendant United States of America hereby applies ex parte for an order providing 60 additional days to respond to the first amended complaint (FAC)—namely, from February 17, 2022 to April 18, 2022.

## Currently Unrepresented Federal Defendants In Similar Shoes

When federal employees are sued in their individual capacities pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), they may be entitled to representation by the Department of Justice. *See* 28 C.F.R. § 50.15. A 60-day extension of time will allow the Department of Justice to fully review and appropriately act on any requests for representation received from Assistant United States Attorney for the Central District of California Melissa J. Mills, Assistant United States Attorney for the Central District of California Mack Eric Jenkins, former United States Attorney for the Central District of California Nicola Hanna, Federal Bureau of Investigation (FBI) Special Agent Andrew Civetti, FBI Special Agent Julienne Mayfield, FBI Special Agent Thomas Ruscitti, FBI Special Agent John Doe, and FBI Special Agent Jim Doe (collectively, the *Bivens* Defendants). Notably, until such time as the Department of Justice authorizes representation of the *Bivens* Defendants, the United States Attorney may act only to seek enlargements of time for them so that their interests and defenses are not compromised.

In a related vein, and based on the Court's inherent authority, the Court should sua sponte extend the complaint-response deadline of the federal employees sued in their official capacities under the Federal Tort Claims Act (FTCA): United States Attorney General Merrick B. Garland, United States Attorney for the Central District of California Tracy L. Wilkison, and FBI Assistant Director Kristi Koons Johnson (collectively, with the United States, the FTCA Defendants). When federal employees are sued in their official capacities under the FTCA, they may be entitled to representation by the United States Attorney and the United States may be required to substitute itself as the defendant in place of such employees. *See* 28 U.S.C. §§ 2679(b), (d). A 60-day extension of time

will allow the United States Attorney's Office to fully review and appropriately determine whether the FTCA Defendants are being sued for acts committed within the course and scope of their federal employment. *See* 28 C.F.R. § 15.4(a).

## Grounds For Extension

Plaintiffs' February 3, 2022 FAC spans 132 pages and contains 463 paragraphs of allegations. *See* Dkt. 77. The record underlying this case is substantial and involves complex allegations involving two different federal agencies. Even putting aside the roadblocks associated with the aforementioned representation and certification processes, two weeks is simply not enough time to prepare motions to dismiss and, similarly, one week is insufficient to "meet and confer" on such motions.

## Urgency

This order is sought by means of an ex parte application because the government's deadline to respond to the FAC is February 17, 2022, so there is insufficient time for a regular noticed motion. Accordingly, an ex parte application is appropriate. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989). Critically, at no point in time could the government have filed a regular noticed motion in connection with this matter given this Court's January 24, 2022 order requiring all defendants to respond to the complaint by February 17 regardless of when each defendant was served with the original complaint. *See* Dkt. 75.

## Notice

Pursuant to Central District Local Rule 7-19, government counsel spoke to plaintiff Michael L. Libman on February 9, 2022. Notably, Mr. Libman is an attorney representing himself as well as his wife, his two minor children, and his law firm (collectively, Plaintiffs). Government counsel asked Mr. Libman, first and foremost, for a stipulation extending time to respond to the complaint by 60 days that would apply to the FTCA Defendants and the *Bivens* Defendants. Mr. Libman indicated that, based on this Court's January 24, 2022 order requiring all defendants to respond to the FAC by February 17,

1  Plaintiffs' hands are essentially tied and he did not want to be viewed as overstepping the
2  bounds of the Court's order. As such, Mr. Libman stated that government counsel should
3  seek the extension by means of an ex parte application. Government counsel has informed
4  Mr. Libman that any opposition to this ex parte application must be filed no later than 24
5  hours after service.

### Contact Information For Plaintiffs' Counsel

Pursuant to Central District Local Rule 7-19, the contact information for Mr. Libman, who represents himself and serves as counsel for the other plaintiffs, is as follows:

>Michael J. Libman
>
>Law Offices of Michael J. Libman, APC
>
>18321 Ventura Boulevard, Suite 700
>
>Tarzana, California 91356
>
>Telephone: (818) 995-7300
>
>Facsimile: (866) 644-6764
>
>Email: mjl@libmanlaw.com

Dated: February 10, 2022

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

　　　/s/ Damon A. Thayer
DAMON A. THAYER
Assistant United States Attorney

Attorneys for Defendant
United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION.

This case arises out of federal and state investigations into California attorney Michael J. Libman related to his service as class counsel in *Antwon Jones v. City of Los Angeles*, Los Angeles County Superior Court Case No. BC577267 (filed April 1, 2015)—a case that continues to garner significant media attention. The gist of the *Jones* class action was the claim that a software snafu led the Los Angeles Department of Water and Power (LADWP) to overbill more than a million ratepayers. Shortly after the *Jones* lawsuit was filed, and without taking any discovery, Mr. Libman and another attorney settled the case for $67 million. The state-court judge presiding over the *Jones* case subsequently determined, however, that the City of Los Angeles secretly controlled both sides of the litigation and Mr. Libman was ensnarled in a massive scheme involving collusion, bribery, and extortion. As one consequence of that judicial finding, the state-court judge ordered Mr. Libman to disgorge $1.65 million in attorneys' fees while sanctioning him $200,000.

In 2020, the FBI raided Mr. Libman's home, his co-counsel's home, LADWP's office, and the office of Los Angeles City Attorney Mike Feuer. To state the obvious, the FBI raid on Mr. Libman's home is why 12 of the 22 defendants in this case are federal actors. At this point in time, federal prosecutors have obtained guilty pleas from several individuals involved in this scheme, including top officials from the Los Angeles City Attorney's Office.

In December 2021, Plaintiffs filed a 129-page complaint with 442 paragraphs of allegations against the FTCA Defendants, the *Bivens* Defendants, the state-court judge, new class counsel, and others involved in the "conspiracy" Mr. Libman alleges. Some of the non-federal defendants moved to dismiss the original complaint and, on January 24, 2022, this Court dismissed the complaint in its entirety with leave to amend. Plaintiffs filed their operative FAC on February 3—it now spans 132 pages and contains 463 paragraphs.

In order for the FTCA Defendants and the *Bivens* Defendants to be able to

6

intelligently respond to the FAC, they need more than two weeks. The FAC contains a voluminous number of allegations concerning a litany of subject matters involving two different federal agencies—the FBI and the Executive Office for United States Attorneys. On top of that, at this point in time the only federal defendant that has gained representation from the government is the United States itself. While the wheels are in motion with the United States Attorney's Office for the Central District of California and the Constitutional and Specialized Torts Section of the Civil Division at the Department of Justice in Washington D.C., more time is necessary to allow all federal defendants to obtain proper representation and then have their counsel prepare what are likely to be at least two lengthy motions to dismiss.

## II. LEGAL STANDARDS.

Under Federal Rule of Civil Procedure 6(b), courts have ample discretion to enlarge periods of time, including complaint-response deadlines. As the Ninth Circuit has explained, "requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (citation omitted).

To determine whether to grant ex parte relief, this district follows a two-prong test. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The first prong considers whether the moving party's position may be "irreparably prejudiced" if it does not obtain the requested relief. *Id.* The second prong requires the moving party to establish that it is "without fault in creating the crisis that requires ex parte relief." *Id.*

## III. ARGUMENT.

### A. Absent Relief, The FTCA Defendants Will Suffer Irreparable Harm.

The FTCA Defendants—particularly Attorney General Merrick B. Garland, United States Attorney Tracy L. Wilkison, and FBI Assistant Director Kristi Koons Johnson—will be prejudicially harmed if they are not accorded sufficient time to respond to Plaintiffs' claims. The United States Attorney's Office currently only has authority to

represent the United States, meaning the other FTCA Defendants currently have no representation in this litigation.[1]

The FTCA is the exclusive remedy for common-law tort claims arising out of the acts or omissions of federal employees. *See generally* 28 U.S.C. §§ 1346(b), 2671 *et seq*. Pursuant to § 2679(d) of the FTCA, which is part of what is commonly known as the Westfall Act, whenever it is established that a federal employee sued for such a tort was acting within the scope of his or her employment, the United States Attorney General must make a course-and-scope certification on that employee's behalf.[2] The Attorney General has delegated this certification authority to the United States Attorney for the district in which the suit is filed. 28 C.F.R. § 15.4.[3] Once a federal employee is certified to have been acting within his or her scope of employment, the action against the employee is deemed to be against the United States. The United States must then be substituted as the defendant in place of the individual; the government is the only proper defendant under the FTCA. 28 U.S.C. § 2679(b).

Whether Attorney General Garland, United States Attorney Wilkison, and FBI Assistant Director Johnson acted within the scope of their respective employment is a matter of state law. *Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 876 (9th Cir. 1992). Government counsel, along with the applicable agencies, are currently reviewing Plaintiffs' allegations and the facts giving rise to this lawsuit. If government counsel recommends certification for one or all of these defendants as acting within scope, a "course and scope" certification from the Chief of the Civil Division of the United States Attorney's Office will be required before government counsel may represent these defendants. This process, by itself, may take up to four weeks depending on a variety of

---

[1] All factual statements herein are supported by the accompanying Declaration of Damon A. Thayer.

[2] The Westfall Act is codified in various subsections of the FTCA and was passed in response to the Supreme Court's decision in *Westfall v. Erwin*, 484 U.S. 292 (1988). *See Saleh v. Bush*, 848 F.3d 880, 888 (9th Cir. 2017).

[3] The United States Attorney for the Central District of California has further delegated this authority to the Chief of the Civil Division.

factors. If certification is ultimately approved for one or all of the individual FTCA Defendants, government counsel will take steps to substitute the United States in place of these defendants. *See* 28 U.S.C. § 2679(d).

To prepare a cogent motion to dismiss, the FTCA Defendants must perform an in-depth review of the operative complaint, all related materials, and various other matters. Here, the FAC is 132 pages and contains 463 paragraphs of allegations. *See* Dkt. 77. It weaves in various claims against 22 different defendants. Simply put, the FTCA Defendants need more than two weeks to prepare a proper response, let alone more than one week to adequately "meet and confer" on all issues that need to be raised in a motion to dismiss given that the FAC was just filed on February 3, 2022. *Id.* Government counsel anticipates that all necessary work will be completed and all applicable certifications obtained within 60 days of the current February 17 deadline.

### B. The *Bivens* Defendants Will Also Suffer Irreparable Prejudice.

As a threshold matter, government counsel from the United States Attorney's Office does not and likely will not represent the *Bivens* Defendants—it is anticipated that they will be represented by counsel at the Department of Justice in Washington, D.C. At this juncture, Department of Justice counsel has not received authority to represent any of the *Bivens* Defendants. Indeed, the Department of Justice is still awaiting representation requests from several of the *Bivens* Defendants. In light of this, as well as the related fact that the Department of Justice has still not received adequate information regarding this case, counsel from the Department of Justice is not in a position to respond to the FAC on behalf of the *Bivens* Defendants. Department of Justice counsel anticipates that all necessary information and all applicable representation requests will be received and processed within 60 days of the current February 17 deadline.

### C. The Federal Defendants Did Not Create The Need For Ex Parte Relief.

Neither the FTCA Defendants nor the *Bivens* Defendants caused the current situation necessitating ex parte relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Critically, government counsel asked Mr. Libman to

stipulate to an extension—Mr. Libman indicated that the matter was effectively out of his hands in light of the Court's order requiring all defendants to respond to the FAC by February 17. *See* Dkt. 75 ¶ 6.

Notably, at no point in time could the government have filed a regular noticed motion in connection with this matter. Under Federal Rule of Civil Procedure 12(a)(3), the specific deadlines for the individual FTCA Defendants and *Bivens* Defendants to respond to the original complaint ranged from February 28 to March 11. In response to motions to dismiss the original complaint filed by other defendants in this litigation, this Court entered an order on January 24, 2022 dismissing the original complaint in its entirety with leave to amend. Dkt. 75. That order states "[a]ny defendant shall file an Answer to the First Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than February 17, 2022." *Id.* ¶ 6 (emphasis omitted). As such, at the time the Court shortened the deadline applicable to the FTCA Defendants and *Bivens* Defendants, there was already insufficient time to initiate the conferral process on a regular noticed motion. *See* C.D. Cal. L.R. 6-1, 7-3; Honorable Fernando M. Olguin's Standing Order § IV(A)(1).

### D. The Interest Of Judicial Economy Is Served By A 60-Day Extension.

The interest of judicial economy is served by granting an additional 60 days to the FTCA Defendants and *Bivens* Defendants to respond to the operative complaint. For instance, at this stage in the process, it appears Plaintiffs have failed to exhaust their administrative remedies with respect to the FTCA Defendants. As a prerequisite to commencing litigation, a plaintiff must present an administrative claim to the federal agency against which damages are sought, and the plaintiff cannot file suit against the government until that claim is denied or six months have passed. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a); *McNeil v. United States*, 508 U.S. 106, 111-12 (1993); *Brady v. United States*, 211 F.3d 499, 502-03 (9th Cir. 2000); *Shipek v. United States*, 752 F.2d 1352, 1353 (9th Cir. 1985). Here, Plaintiffs' complaint does not allege that they presented an administrative claim to any component of the federal government, much less state that any such claim was denied or not decided within six months. If this is indeed the case, the

FTCA Defendants hope to resolve the claims against them by a voluntary stipulation dismissing this premature action without prejudice—an outcome that clearly furthers the interest of judicial economy.

## IV. CONCLUSION.

The government respectfully requests the Court to extend the FTCA Defendants' and *Bivens* Defendants' February 17, 2022 deadline to respond to the operative complaint to April 18, 2022.

Dated: February 10, 2022

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

   */s/ Damon A. Thayer*
DAMON A. THAYER
Assistant United States Attorney

Attorneys for Defendant
United States of America