**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq., Cal. Bar No. 185123
eric@kingsleykingsley.com
LIANE KATZENSTEIN LY, Esq., Cal. Bar No. 259230
liane@kingsleykingsley.com
ARI J. STILLER, Esq., Cal. Bar No. 294676
ari@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

Attorneys for Defendants
Kingsley & Kingsley APC and Eric Kingsley

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. LIBMAN an individual, LAW OFFICES OF MICHAEL J. LIBMAN, APC, a California Professional Corporation; BARBARA LIBMAN, on behalf of the class of U.S. Citizens and Residents; MINOR "A" by and through the minor's parents MICHAEL J. LIBMAN AND BARBARA LIBMAN; MINOR "B" by and through the Minor's parents MICHAEL J. LIBMAN and BARBARA LIBMAN<br><br>PLAINTIFF,<br><br>v.<br><br>UNITED STATES OF AMERICA; National Government; US ATTORNEY GENERAL MERRICK B. GARLAND, in his official capacity; TRACY L. WILKISON, in her official capacity; KRISTI KOONS JOHNSON, in her official capacity MELISSA J. MILLS, ESQ (USACAC) in her individual | CASE No. 2:21-CV-09455- FMO (MAAx)<br><br>**DEFENDANTS KINGSLEY & KINGSLEY AND ERIC KINGSLEY'S NOTICE OF MOTION AND MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT (Fed. R. Civ. P. 12(B)(6) and 12(f)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      March 24, 2022<br>Time:      10:00 a.m.<br>Location:  Courtroom 6D<br><br>Complaint Filed: December 6, 2021 |

1

capacity; FBI SPECIAL AGENT
ANDREW CIVETTI in his individual
capacity; FBI SPECIAL AGENT
JULIENNE MAYFIELD in her
individual capacity; FBI SPECIAL
AGENT JOHN DOE in his individual
capacity; FBI SPECIAL AGENT JIM
DOE in his individual capacity; FBI
SPECIAL AGENT THOMAS
RUSCITTI, in his individual capacity;
BRIAN S. KABATECK, ESQ, in his
individual capacity and as an actor
under color of state law; KABATECK,
LLP, entity of unknown form;
MICHAEL FEUER, in his individual
capacity; JUDGE ELIHU M. BERLE,
in his individual capacity; CITY OF
LOS ANGELES, a municipal entity;
MARIBETH ANNAGUEY, ESQ.
individually; ERIC M. GEORGE,
individually; ERIC KINGSLEY an
individual; KINGSLEY AND
KINGSLEY, entity form unknown;
NICOLA HANNAH in his individual
capacity; MACK ERIC JENKINS,
ESQ. in his individual capacity and
DOES 3 to 300 inclusive,

DEFENDANTS.

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 24, 2022, at 10:00 a.m. or as soon thereafter as the matter may be heard, in Courtroom 6D of the United States Courthouse located at 350 West 1st Street, Los Angeles, CA, 90012, before the Honorable Fernando M. Olguin, Defendants Kingsley & Kingsley and Eric Kingsley ("Kingsley Defendants") will, and hereby do, move the Court for an order dismissing with prejudice Plaintiff's First Amended Complaint (Doc. 77) and/or striking the word "Kingsley's" on page 71, line 19, and the words "Eric Kingsley, Kingsley & Kingsley LLP" on page 83, line 16, which were used to improperly assert new allegations against the Kingsley Defendants exceeding the scope of leave to amend. This Motion is made on the following grounds:

1.      The Kingsley Defendants are immune from being sued for providing testimony in a judicial proceeding.

2.      The claims against the Kingsley Defendants fail to state a claim upon which relief can be granted and are uncertain.

3.      The two new claims against the Kingsley Defendants exceed the scope of leave to amend granted by the Court.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, as set forth in the accompanying Declaration of Ari J. Stiller. The Kingsley Defendants provided the substance of the contemplated motion to Plaintiff's counsel by letter on February 8, 2022 and agreed to conduct a Zoom conference with Plaintiffs' counsel on February 10, 2022 at 10:00 a.m. as ordered by the Court. (Doc. 75 ¶ 7.) Plaintiffs' counsel declined to conduct the conference at that time, but the parties were able to hold it on February 15, 2022. They could not resolve this dispute informally to avoid the need for a motion.

The Kingsley Defendants' Motion is based on this Notice, the Memorandum of Points and Authorities, the Declarations of Liane Katzenstein Ly and Ari J.

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

1   Stiller, the Request for Judicial Notice, the pleadings and documents on file, and

2   on such other evidence and argument as may be presented at the hearing.

3   DATED: February 17, 2022            KINGSLEY & KINGSLEY, APC

4

5                                    By: */s/ Ari J. Stiller* _____

6                                         Ari J. Stiller
                                          Attorneys for Defendants Kingsley &
7                                         Kingsley and Eric Kingsley

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

I.   INTRODUCTION ..........................................................................................11

II.  RELEVANT FACTS ....................................................................................12

III. APPLICABLE LEGAL STANDARDS ........................................................14

IV.  ARGUMENT ...............................................................................................15

    A.   The Kingsley Defendants are Immune from Being Sued for Testifying in a Legal Proceeding ....................................................................................15

        1.   Witness Immunity Protects Mr. Kingsley's Testimony...........................15

        2.   The *Noerr-Pennington* Doctrine Protects Mr. Kingsley's Testimony.....19

    B.   Plaintiffs' Section 1985 and Abuse of Process Claims Exceed the Scope of Leave to Amend .................................................................................20

    C.   Plaintiffs Have Not Stated a Section 1983 or 1985 Claim ...........................20

        1.   The FAC Does Not Sufficiently Allege that Mr. Kingsley Acted Under Color of State Law ...................................................................................21

        2.   The Truthfulness of Mr. Kingsley's Testimony Was Finally Resolved in the *Jones* Action .................................................................................23

            a.   Res Judicata Applies ...........................................................................24

            b.   The *Rooker-Feldman* Doctrine Applies..................................................25

            c.   The Federal Abstention Doctrine Applies .............................................26

    D.   Plaintiffs Have Not Stated a Ralph Act Claim ........................................28

    E.   Plaintiffs Have Not Stated an Abuse of Process Claim................................30

V.   THE COURT SHOULD DENY LEAVE TO AMEND ..................................30

VI.  CONCLUSION ...........................................................................................31

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Allen v. McCurry*,
   449 U.S. 90 (1980) ....................................................................... 24, 25

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009). .............................................................. 14, 15, 29

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) .................................................................14

*Barnard v. Young*,
   720 F.2d 1188 (10th Cir. 1983) ..........................................................21

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................... 14, 29

*Benton v. Baker Hughes*,
   No. CV 12-07735 MMM MRWX, 2013 WL 3353636 (C.D. Cal. June 30, 2013)
   ................................................................................................. 15, 20

*Bianchi v. Rylaarsdam*,
   334 F.3d 895 (9th Cir. 2003) ................................................................25

*Blevins v. Ford*,
   572 F.2d 1336 (9th Cir. 1978) .............................................................15

*Briscoe v. LaHue*,
   460 U.S. 325 (1983) ...................................................................... 16, 17

*Burns v. Cty. of King*,
   883 F.2d 819 (9th Cir. 1989) ......................................................... 16, 17

*Campbell v. Feld Ent., Inc.*,
   75 F. Supp. 3d 1193 (N.D. Cal. 2014)............................................ 28, 29

*City of Columbia v. Omni Outdoor Adver. Inc.*,
   499 U.S. 365 (1991) .............................................................................19

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

*Collins v. Womancare,*
  878 F.2d 1145 (9th Cir. 1989) ........................................................21

*Colorado River Water Conservation Dist. v. United States,*
  424 U.S. 800 (1976) .....................................................................26

*Conley v. Office of the Public Defender,*
  653 F.2d 1241 (8th Cir.1981) ........................................................15

*Cooper v. Ramos,*
  704 F.3d 772 (9th Cir. 2012) ........................................................25

*Cruz v. Kauai Cty.,*
  279 F.3d 1064 (9th Cir. 2002) ......................................................18

*DeGrassi v. City of Glendora,*
  207 F.3d 636 (9th Cir. 2000) ........................................................23

*DeLeon v. Wells Fargo Bank, N.A.,*
  2010 WL 4285006 (N.D. Cal. Oct. 22, 2010) ................................20

*E. R. Presidents Conference v. Noerr Motor Freight, Inc.,*
  365 U.S. 127 (1961) .....................................................................19

*Empress LLC v. City and County of San Francisco,*
  419 F.3d 1052 (9th Cir. 2005) ......................................................19

*Espino v. Walgreen Co.,*
  2016 WL 931098 (E.D. Cal. Mar. 11, 2016) ..................................20

*Franklin v. Terr,*
  201 F.3d 1098 (9th Cir. 2000) ......................................................16

*Froyd v. Cook,*
  681 F. Supp. 669 (E.D. Cal. 1988) ................................................18

*Gadda v. State Bar of Cal.,*
  511 F.3d 933 (9th Cir. 2007) ........................................................30

*Gilbertson v. Albright,*
  (9th Cir. 2004) 381 F3d 965 ........................................................27

7

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

*Harvey v. Harvey*,

   949 F.2d 1127 (11th Cir. 1992) ................................................................. 21, 22

*Hogan v. Robinson*,

   No. CIVF036408AWILJO, 2005 WL 8176432 (E.D. Cal. Jan. 31, 2005)... 15, 30

*Holt v. Castaneda*,

   832 F.2d 123 (9th Cir. 1987) ...............................................................................15

*Huffman v. Pursue, Ltd.*,

   420 U.S. 592 (1975) .............................................................................................27

*Jensen v. Fry*,

   No. 2:13-CV-00767-MMD, 2013 WL 6019291 (D. Nev. Nov. 12, 2013)..........21

*Juidice v. Vail*,

   (1977) 430 U.S. 327 .................................................................................. 27, 28

*Ketab Corp. v. Mesriani & Assocs.*,

   2015 WL 8022874 (C.D. Cal. Dec. 4, 2015)........................................................20

*Kougasian v. TMSL, Inc.*,

   359 F.3d 1136 (9th Cir. 2004) .............................................................................25

*Kulas v. Flores*,

   255 F.3d 780 (9th Cir. 2001) ...............................................................................18

*Lisker v. City of Los Angeles*,

   780 F.3d 1237 (9th Cir. 2015) ................................................................. 16, 18

*Miller v. Yokohama Tire Corp.*,

   358 F.3d 616 (9th Cir. 2004) ...............................................................................30

*Moss v. United States Secret Serv.*,

   572 F.3d 962 (9th Cir. 2009) ...............................................................................14

*Myers v. Morris*,

   810 F.2d 1437 (8th Cir. 1987) .............................................................................23

*Paine v. City of Lompoc*,

   265 F.3d 975 (9th Cir. 2001) ................................................................... 16, 18

8

MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT

*Palomar Mobilehome Park Ass'n v. City of San Marcos*,

   989 F.2d 362 (9th Cir. 1993) ........................................................... 24, 25

*Rayburn ex rel. Rayburn v. Hogue*,

   (11th Cir. 2001) 241 F.3d 1341 ..............................................................21

*Rehberg v. Paulk*,

   566 U.S. 356 (2012) ..................................................................... 16, 18

*Simmons v. Sacramento County Superior Court*,

   318 F.3d 1156 (9th Cir. 2003) ..................................................... 21, 22, 23

*Sosa v. DIRECTV, Inc.*,

   437 F.3d 923 (9th Cir. 2006) ..................................................................19

*Starr v. Baca*,

   652 F.3d 1202 (9th Cir. 2011) ...............................................................15

*Sykes v. State of Cal.*,

   497 F.2d 197 (9th Cir. 1974) .................................................................23

*Tanasescu v. State Bar of California*,

   No. SACV 11-00700-CJC, 2012 WL 1401294 (C.D. Cal. Mar. 26, 2012) .........21

*Toro v. Earl*,

   No. SA CV 13-00872-DSFM, 2015 WL 179792 (C.D. Cal. Jan. 14, 2015) .......17

*United Mine Workers v. Pennington*,

   381 U.S. 657 (1965) .............................................................................19

*Verdugo v. Manker*,

   2009 WL 1972909 n.2 (C.D. Cal. July 6, 2009) .................................................17

*Wilburn v. Bratcher*,

   *No.* 215CV00699TLNGGH, 2016 WL 4126759 (E.D. Cal. Aug. 2, 2016) ........29

*Winarto v. Toshiba Am. Elecs. Components, Inc.*,

   274 F.3d 1276 (9th Cir. 2001) ...............................................................28

*Woods v. Valentino*,

   511 F. Supp. 2d n.19.............................................................................21

9

*Younger v. Harris*,

   401 U.S. 37 (1971) ...............................................................................26

**State Cases**

*Austin B. v. Escondido Union Sch. Dist.*,

   149 Cal. App. 4th 860 (2007)...............................................................28

*Navellier v. Sletten*,

   106 Cal.App.4th 763 (2003)..................................................................30

*Pollock v. University of Southern California*,

   (2003) 112 Cal.App.4th 1416................................................................30

*Rubin v. Green*,

   4 Cal.4th 1187 (1993)...........................................................................30

**Federal Statutes**

42 U.S.C. § 1983 ...................................................... 11, 20, 21, 23, 26

42 U.S.C. § 1985 ................................................................. 11, 20, 21

**State Statutes**

California Civil Code § 47(b) .......................................................... 18, 30

California Civil Code § 47(b)(2)...............................................................30

California Civil Code § 51.7(b)(1)............................................................28

**Federal Rules**

Federal Rules of Civil Procedure Rule 12(f) ........................................15

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Eric Kingsley submitted a declaration in Los Angeles County Superior Court stating that his firm, Kingsley & Kingsley, had not co-counseled 32 class action cases with Plaintiff Michael Libman, contrary to a declaration Mr. Libman had filed to justify a fee award. The court compelled Mr. Kingsley to sit for a deposition, where he affirmed the statements in his declaration. His testimony was then used as evidence against Mr. Libman, who was ordered to disgorge $1.65 million in attorneys' fees and pay over $100,000, in addition to other sanctions. Mr. Libman and his family then sued Mr. Kingsley and Kingsley & Kingsley (the "Kingsley Defendants") in the present action for constitutional and civil rights violations. As Plaintiffs' First Amended Complaint fails to cure any of the defects from their original pleading, the Court should dismiss all claims against the Kingsley Defendants with prejudice.

There are a number of reasons for dismissal: First, Mr. Kingsley enjoys absolute immunity from civil liability for providing testimony in a legal proceeding. The addition of irrelevant legal citations in the FAC does not change this. Moreover, the FAC cannot state a Section 1983 or 1985 claim because it admits that Eric Kingsley is a private citizen, not a state actor. Testifying does not transform him into an agent of the state, and conclusory allegations of a "conspiracy" with state actors cannot save the invalid pleading. The constitutional claims are also barred by issue preclusion and similar doctrines because they arise from issues already decided and subject to an appeal in state court.

Plaintiffs have made no material changes to their Ralph Act claim to prevent a dismissal. There are no allegations tying Mr. Kingsley to a 2020 FBI raid on Mr. Libman's home or to any of the FBI's conduct. A conspiracy theory, by itself, cannot open the doors to discovery in federal court.

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

Finally, the Court should dismiss the FAC's two new claims against the Kingsley Defendants, for a Section 1985 violation and Abuse of Process, because they exceed the limited scope of leave to amend. The Court granted Plaintiffs leave to cure defects from the original pleading, not to assert new claims and complicate this case even further.

## II. RELEVANT FACTS

Plaintiffs' First Amended Complaint ("FAC") largely mirrors the original complaint that was dismissed. It contains allegations against 22 defendants involved with an investigation into misconduct by Plaintiff Michael Libman when he represented LADWP ratepayers in *Antwon Jones v. City of Los Angeles*, Los Angeles Superior Court Case No. BC577267. Doc. 77 ¶¶ 52, 56, 68–69, 82; cf. Doc. 1 ¶¶ 55, 59, 70–71, 84. On March 4, 2021, Los Angeles Superior Court Judge Elihu Berle found that Mr. Libman engaged in conflicts of interest and misled the Court about his credentials to justify a large fee award. Doc. 77 ¶¶ 13, 22–43, 82, 84, 178, 297; cf. Doc. 1 ¶¶ 16, 25–46, 84, 86, 178, 297; RJN, Ex. 2 (Disgorgement Order). Judge Berle ordered him to disgorge $1.65 million in attorneys' fees and pay over $100,000 in monetary sanctions, granted evidentiary sanctions against him, and held him in contempt. Doc. 77 ¶¶ 16, 25–46, 84, 86, 178, 301; cf. Doc. 1 ¶¶ 16, 25–46, 84, 86, 178, 297; RJN, Ex. 2 (Disgorgement Order); RJN, Ex. 4 (Contempt Order).

In the present case, Plaintiff Michael Libman alleges that the Kingsley Defendants violated his constitutional rights and engaged in civil rights violations by testifying against him in the *Jones* case. Doc. 77 ¶¶ 275–291, 354–363, 398–408; cf. Doc. 1 ¶¶ 273–289, 346–354, 389–398. Specifically, Mr. Kingsley submitted a declaration stating that his firm, Kingsley & Kingsley, had not co-counseled 32 class action cases with Mr. Libman, contrary to a declaration Mr.

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

Libman submitted making this claim to justify a fee award. Doc. 77 ¶¶ 275–291; cf. Doc. 1 ¶¶ 273–289; RJN, Ex. 1 (Kingsley Declaration).

The FAC's allegations regarding Mr. Kingsley's declaration are the same as in the original complaint, except instead of characterizing the declaration as simply "very brief and false," Plaintiffs now call it a "very brief and false, willfully, fraudulent, and sham declaration." *Cf.* Doc. 1 ¶ 273; Doc. 77 ¶ 275. The FAC alleges that Mr. Kingsley submitted his declaration as a basis for Hon. Judge Berle to exercise his jurisdiction corruptly. Doc. 77 ¶ 275. Finally, instead of saying that draft copies of Mr. Kingsley's declaration were "suppressed and never produced," the FAC now states that the draft copies were suppressed "by Kabateck and Kingsley Defendants" and never produced in the *Jones* action. *Cf.* Doc. 1 ¶ 282; Doc. 77 ¶ 284.

The only other allegations against the Kingsley Defendants arise from Mr. Kingsley's deposition in *Jones*. Plaintiffs carried these over from the complaint verbatim. *Cf.* Doc. 1 ¶¶ 283–288; Doc. 77 ¶¶ 285–290. According to the FAC, the state court compelled Mr. Kingsley to sit for a deposition. Compl. ¶ 279. During his testimony, he stood by his declaration, called Plaintiff Michael Libman stupid, and agreed that Mr. Libman speaks with an accent. Doc. 77 ¶¶ 285–290; *cf.* Doc. 1 ¶¶ 283–288. He resisted Mr. Libman's questions about racial stereotyping. Doc. 77 ¶ 291; *cf.* Doc. 1 ¶ 289. The FAC adds three new paragraphs with legal citations about witness immunity, but these contain no new facts. See FAC ¶¶ 295–297.

Mr. Kingsley's testimony and other evidence that Mr. Libman misrepresented his credentials factored into Hon. Judge Berle's order that Mr. Libman disgorge attorneys' fees and pay sanctions. Doc. 77 ¶ 303; cf. Doc. 1 ¶ 297; RJN, Ex. 2 (Disgorgement Order) at 2:23–26 (Libman "misrepresent[ed] substantial portions of his declaration, including statements that involved his credentials"); RJN, Ex. 3 (Sanctions Order) at ¶ 2 (imposing an issue sanction

13

taking it as "established that Libman did not act as co-counsel or perform any work in the 32 class actions he claims he worked on with Kingsley & Kingsley"), ¶ 5 (imposing an issue sanction that he cannot rebut the presumption that "no evidence exists where he refused to answer deposition questions pertaining to . . . the work he claims he did with Kingsley & Kingsley"); RJN, Ex. 4 (Contempt Order),¶ 10 ("Libman knowingly and willfully refuses to answer deposition questions regarding the nature of the work he performed on the thirty two [32] class action cases he claims to have collaborated on with the law firm Kingsley & Kingsley despite being ordered to do so . . . ."). Mr. Libman has appealed the disgorgement order in state court while pursuing the present action. RJN, Ex. 5 (Notice of Appeal).

## III.  APPLICABLE LEGAL STANDARDS

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("[B]are assertions . . . amounting to nothing more than a 'formulaic recitation of the elements'" of a claim "are not entitled to an assumption of truth") (quoting *Iqbal*, 556 U.S. at 681).

The plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully" or for "facts that are 'merely consistent with' a defendant's liability." *Iqbal*, 556 U.S. at 678. The court must ask whether the pleading's "factual content . . . allows [it] to

14

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. Rather, a plaintiff must *state facts* sufficient to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emph. added).

Similarly, on a motion to strike, the Court may strike from a pleading any allegation that is "redundant, immaterial, impertinent or scandalous." Fed. R. Civ. P., rule 12(f). Courts routinely strike allegations in an amended complaint that exceed the scope of leave to amend. *Benton v. Baker Hughes*, No. CV 12-07735 MMM MRWX, 2013 WL 3353636, at *3 (C.D. Cal. June 30, 2013) (citing six cases striking or dismissing allegations that exceeded the limited scope of leave to amend a prior pleading).

## IV.  ARGUMENT

### A.  The Kingsley Defendants are Immune from Being Sued for Testifying in a Legal Proceeding

#### 1.  Witness Immunity Protects Mr. Kingsley's Testimony

The FAC's new allegations cannot save it from being dismissed based on witness immunity. "[T]hose who testify in the course of judicial proceedings have long enjoyed ***absolute immunity*** from civil suits based on their words, whether perjurious or not." *Blevins v. Ford*, 572 F.2d 1336, 1338 (9th Cir. 1978) (emphasis added); *see also Holt v. Castaneda*, 832 F.2d 123, 127 (9th Cir. 1987) ("[W]itnesses who testify in court at adversarial pretrial hearings are absolutely immune from liability under section 1983 for damages allegedly caused by their testimony."); *Conley v. Office of the Public Defender*, 653 F.2d 1241, 1242 (8th Cir.1981) ("Witnesses are absolutely immune from section 1983 remedy actions arising from their testimony in judicial proceedings."); see also *Hogan v.*

15

*Robinson*, No. CIVF036408AWILJO, 2005 WL 8176432, at \*7 (E.D. Cal. Jan. 31, 2005) (California's "§ 47(b) litigation privilege applies to state claims in federal court").

"The purpose of such immunity is to encourage witnesses to come forward and speak freely in court by relieving the potential defendant of any fear that he will later have the burden of litigating the propriety of his conduct as a witness." *Paine v. City of Lompoc*, 265 F.3d 975, 980 (9th Cir. 2001); *Briscoe v. LaHue*, 460 U.S. 325, 333 (1983) ("A witness who knows that he might be forced to defend a subsequent lawsuit . . . might be inclined to shade his testimony in favor of the potential plaintiff, to magnify uncertainties, and thus to deprive the finder of fact of candid, objective, and undistorted evidence.")

"Absolute witness immunity also extends to preparatory activities 'inextricably tied' to testimony, such as conspiracies to testify falsely." *Lisker v. City of Los Angeles*, 780 F.3d 1237, 1241 (9th Cir. 2015); *Franklin v. Terr*, 201 F.3d 1098, 1101–02 (9th Cir. 2000) (affirming dismissal of § 1983 action because the defendant's "alleged conspiratorial behavior"—conferring with another witness to ensure the consistency of their respective testimony—was "inextricably tied to [the defendant's] testimony," and therefore was absolutely immune); *Rehberg v. Paulk*, 566 U.S. 356 (2012) (extending protection to "preparatory activity . . . such as a preliminary discussion in which the witness relates the substance of his intended testimony").

Immunity pertains to declarations and depositions, in addition to testimony given in open court. For example, the court in *Burns v. Cty. of King*, 883 F.2d 819, 822 (9th Cir. 1989) applied absolute immunity to a witness's declaration, like the one Mr. Kingsley submitted here. *See* Doc. 77 ¶ 275. The issue in *Burns* was whether a social worker who provided an affidavit to the court in a bond revocation proceeding was entitled to absolute immunity under Section 1983. *Id.* at

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

820. The Ninth Circuit held that the social worker was immune even though she gave testimony via affidavit. Adopting the analysis in *Briscoe* and *Holt*, the court held that declarations are given the same protections as oral testimony provided in an adversarial proceeding. *Id.* at 823.

Plaintiffs' claims against the Kingsley Defendants arise from Eric Kingsley's testimony in the *Jones* case, along with activity in preparation for testifying, and should therefore be dismissed. Plaintiffs allege that "Mr. Eric Kingsley submitted a very brief and false, willfully, fraudulent, and sham declaration declaring that [Plaintiff Michael Libman] was in essence merely a tenant and did not 'work' with the Kingsley's [*sic*] on employment class actions over the time that [Mr. Libman] was there." Doc. 77 ¶ 275. The remainder of the allegations have to do with Mr. Kingsley's testimony "[a]t the deposition on February 8, 2021." Doc. 77 ¶ 285. According to the FAC, Mr. Kingsley testified that attorney Brian Kabateck's office drafted the declaration that Mr. Kingsley signed stating that Mr. Libman lied about the extent of his co-counseling with the Kingsley firm; he testified that Mr. Kabateck told Mr. Kingsley "bad things" about Mr. Libman before the deposition; and he testified that Mr. Libman speaks English with a foreign accent. Doc. 77 ¶¶ 286–291. Mr. Kingsley then refused to produce draft copies of the Kingsley Declaration in the *Jones* action (which could have been the subject of a motion to compel in that case). Doc. 77 ¶ 284.

The FAC's insertion of legal arguments regarding witness immunity is improper and cannot save the pleading from being dismissed. Doc. 77 ¶¶ 295–297. Legal arguments are "immaterial" and courts routinely strike them from complaints. *Toro v. Earl*, No. SA CV 13-00872-DSFM, 2015 WL 179792, at *7 (C.D. Cal. Jan. 14, 2015) (dismissing pleading and directing that amended pleading "should not include legal argument and citations"); *Verdugo v. Manker*, EDCV 06-00989-VBF (MAN), 2009 WL 1972909, at *2 n.2 (C.D. Cal. July 6, 2009) ("the

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

inclusion of legal argument in a complaint violates Rule 8"); *Froyd v. Cook*, 681 F. Supp. 669, 672 n.8 (E.D. Cal. 1988) ("The federal rules do not permit legal argument in the complaint . . . .").

The citations themselves refer to inapposite authority creating a limited exception to witness immunity in non-adversarial criminal proceedings. *Lisker* had to do with police detectives who engaged in "non-testimonial" conduct of fabricating evidence against a criminal defendant. *Lisker v. City of Los Angeles*, 780 F.3d 1237, 1242 (9th Cir. 2015); *see* Doc. 77 ¶ 295. The court distinguished the type of witness testimony offered by the Kingsley Defendants here, which is protected, with "'non-testimonial' acts, such as 'tampering with documentary or physical evidence'" that gave rise to the claims under review. *Id.* at 1242. Similarly, *Cruz* decided not to apply absolute immunity to a prosecutor because he gave an affidavit in support of a criminal defendant's bail revocation "in an ex parte proceeding, at which [the plaintiff] did not enjoy the protections of the adversary process." *Cruz v. Kauai Cty.*, 279 F.3d 1064, 1068 (9th Cir. 2002); *see* Doc. 77 ¶ 296. The footnote from *Kulas* is in accord, discussing a limited exception to grand jury immunity for law enforcement witnesses who instigate a criminal prosecution. *Kulas v. Flores*, 255 F.3d 780, 783 (9th Cir. 2001); *see* FAC ¶ 297. This authority has no relevance here, as Eric Kingsley was compelled to testify as a witness in the course of an ongoing civil case. Doc. 77 ¶ 279; *see* Doc. 1 ¶ 277.

For these reasons, the Kingsley Defendants enjoy "absolute immunity with respect to any claim based on [Mr. Kingsley's] testimony." *Rehberg*, 566 U.S. at 367; *see also* Cal. Civ. Code § 47(b). Mr. Kingsley should not have "the burden of litigating the propriety of his conduct as a witness." *Paine*, 265 F.3d at 980. The Court should dismiss all allegations against the Kingsley Defendants (the third, sixth, eighth, and twelfth counts in the FAC).

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

### 2.   The *Noerr-Pennington* Doctrine Protects Mr. Kingsley's Testimony

Similarly, "[u]nder the *Noerr–Pennington* doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006), citing *E. R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers v. Pennington*, 381 U.S. 657 (1965). The doctrine protects "'conduct incidental to the prosecution of [a] suit," such as "communications between private parties . . . related to petitioning activity." *Id.* at 935. Courts have applied the doctrine to bar claims under § 1983 based on petitioning activities. *Empress LLC v. City and County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005).

Plaintiffs cannot avoid *Noerr–Pennington* by alleging a conspiracy between government actors and private individuals: "[T]here is no 'conspiracy' exception to the *Noerr–Pennington* doctrine that applies when government officials conspire with a private party to employ government action as a means of depriving other parties of their federal constitutional or statutory rights." *Id.* at p. 1057 (citing *City of Columbia v. Omni Outdoor Adver. Inc.*, 499 U.S. 365, 382–83 (1991)). "In such circumstances, a remedy lies only against the conspiring government officials, not against the private citizens." *Id.*

Plaintiffs' allegations here arise from Mr. Kingsley's participation as a witness in the *Jones* litigation—a state-court action in which LADWP ratepayers petitioned the court for a refund of over-billed water charges. Doc. 77 ¶¶ 55–56, 275, 285. He gave a declaration and testified in a deposition. Doc. 77 ¶¶ 275, 285. This conduct lies at the heart of the First Amendment petitioning activity that *Noerr-Pennington* aims to protect. It cannot form the basis for a federal lawsuit, and Plaintiffs cannot avoid dismissal by claiming a conspiracy between the Kingsley Defendants and government actors.

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

**B.      Plaintiffs' Section 1985 and Abuse of Process Claims Exceed the Scope of Leave to Amend**

The Court should also dismiss or strike the FAC's naming of the Kingsley Defendants in the sixth and twelfth causes of action, which exceeds the limited grant of leave to amend. The order granting the Kingsley Defendants' Motion to Dismiss gave Plaintiffs leave "to cure . . . the alleged defects outlined in defendants' motions." Doc. 75 at 2:6–8. The FAC exceeds this limited grant of leave by asserting two *new* claims against the Kingsley Defendants for Conspiracy to Interfere with Civil Rights under 42 U.S.C. § 1985 and Abuse of Process. FAC ¶¶ 381–385, 448–453.

Courts routinely dismiss or strike complaints that assert new causes of action where a plaintiff was permitted leave to amend for the limited purpose of curing deficiencies. See *Espino v. Walgreen Co.*, 2016 WL 931098, at *3 (E.D. Cal. Mar. 11, 2016) (finding that an order that allowed the plaintiff to "cure the deficiencies identified" did "not include leave to add new claims and defendants"); *Ketab Corp. v. Mesriani & Assocs.*, 2015 WL 8022874, at *8 (C.D. Cal. Dec. 4, 2015) (same); *Benton*, 2013 WL 3353636 at *3 (compiling authorities); *DeLeon v. Wells Fargo Bank, N.A.*, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010) ("[W]here leave to amend is given to cure deficiencies in certain specified claims, courts have agreed that new claims alleged for the first time in the amended pleading should be dismissed or stricken."); *Jameson Beach Prop. Owners Ass'n v. United States*, 2014 WL 4925253, at *3 (E.D. Cal. Sept. 29, 2014) ("[W]here a prior court order granted limited leave to amend, District Courts in this circuit generally strike new claims or parties contained in an amended complaint when the plaintiff did not seek leave to amend."). The Court should either dismiss these new claims or strike the insertion of "Kingsley's" on page 71, line 19, and the words "Eric Kingsley, Kingsley & Kingsley LLP" on page 83, line 16.

**C.      Plaintiffs Have Not Stated a Section 1983 or 1985 Claim**

20

### 1.   The FAC Does Not Sufficiently Allege that Mr. Kingsley Acted Under Color of State Law

The section 1983 and 1985 claims also fail because the Kingsley Defendants are private parties, not state actors. To bring a claim under sections 1983 and 1985, the plaintiff must allege that the defendant 1) deprived the plaintiff of a right secured by the U.S. Constitution 2) while acting under color of state law. *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989); *see also Rayburn ex rel. Rayburn v. Hogue* (11th Cir. 2001) 241 F.3d 1341, 1347 ("Only in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes.").

Merely providing testimony in a legal proceeding does not give rise to the state action necessary for a Section 1983 or 1985 claim. *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (conclusory allegations that a lawyer conspired with court clerks and other state officers were insufficient to render the lawyer a state actor); *Jensen v. Fry*, No. 2:13-CV-00767-MMD, 2013 WL 6019291, at *2 (D. Nev. Nov. 12, 2013) (dismissing claim against witnesses who reported plaintiff to the police because "as witnesses, they were not clothed with the authority of state law"); *Harvey v. Harvey*, 949 F.2d 1127, 1134–35 (11th Cir. 1992) ("Use of the courts by private parties does not constitute an act under color of state law.") (citations omitted); *Barnard v. Young*, 720 F.2d 1188, 1189 (10th Cir. 1983) (taking improper deposition and issuing subpoena do not give rise to state action even if the conduct occurred pursuant to state-authorized power); *Tanasescu v. State Bar of California*, No. SACV 11-00700-CJC, 2012 WL 1401294, at *16 (C.D. Cal. Mar. 26, 2012) (same); *Woods v. Valentino*, 511 F. Supp. 2d at 1274 n.19 ("If the Plaintiff's argument were taken as true, then any time any person ever . . . attempted to protect his or her rights in court, that person would become a state actor.").

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

The FAC here states that Mr. Kingsley is a "partner, principal, manager, [and] owner of" Kingsley & Kingsley, which is "a law firm based out of Encino." Doc. 77 ¶ 40–41. This is identical to the original complaint. See Doc. 1 ¶¶ 42–43. Plaintiffs recognize this firm as a private business entity with a focus on employment class actions. Doc. 77 ¶¶ 40, 47; *cf.* Doc. 1 ¶¶ 42, 50 (same). The FAC does not contain factual allegations tying Mr. Kingsley to any state action despite his status as a private business owner; it simply alleges that he gave testimony adverse to Mr. Libman. This came in the form of a declaration and deposition suggesting that Mr. Libman falsely stated he had co-counseled 32 class action cases with the Kingsley firm when he had not. Doc. 77 ¶¶ 263, 275, 282–291, 303; RJN, Ex. 1 (Kingsley Declaration), ¶¶ 6–7.

While Mr. Kingsley's testimony may have contributed to Judge Berle's order that Mr. Libman disgorge a $1.65 million fee award, giving testimony in a court proceeding does not make the witness a state actor. *Harvey*, 949 F.2d at 1134–35 (11th Cir. 1992); see Doc. 77 ¶¶ 51, 263, 275, 282–291, 297; RJN, Ex. 2 (Disgorgement Order). Moreover, it is not clear why Kingsley & Kingsley is named at all, since the only allegations are based on testimony given by Eric Kingsley. Doc. 77 ¶¶ 275, 285–291.

These defects cannot be overcome by conclusory allegations that the Kingsley Defendants engaged in a conspiracy with state actors. The only coordination with other Defendants alleged in the FAC is that Mr. Kingsley spoke with attorney Brian Kabateck about preparing his declaration to submit in the *Jones* action. Doc. 77 ¶ 286. Mr. Kabateck is another private attorney, not a state actor, so any alleged conspiracy with him does not show that Mr. Kingsley acted under color of state law. *Simmons*, 318 F.3d at 1161.

The FAC is not helped by a new statement that Mr. Kingsley submitted his declaration "to persuade and provide a false basis for Judge Berle to exercise his

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

jurisdiction corruptly." Doc. 77 ¶ 275. This is nothing more than a conclusory allegation that cannot create a "genuine factual issue of conspiracy." Doc. 77 ¶¶ 355(g) (listing Mr. Kingsley as "joint actor, collaborator, co-conspirator with Mr. Kabateck and Ms. Mazzella acting under color of state law to persuade Judge Berle to exercise his jurisdiction corruptly"); *cf. Simmons,* 318 F.3d at 1161 ("conclusory allegations that the lawyer was conspiring with state officers" is insufficient to avoid dismissal); *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) ("a bare allegation of . . . joint action will not overcome a motion to dismiss"); *Myers v. Morris*, 810 F.2d 1437, 1467 (8th Cir. 1987) abrogated on other grounds by *Burns v. Reed* (1991) 500 U.S. 478 ("in the absence of a sufficiently pleaded conspiracy claim or a genuine factual issue of conspiracy between private parties and state actors, the private individuals were not acting under color of state law for purposes of 42 U.S.C. § 1983 by virtue of the conspiracy claim"). Not to mention, "[p]rivate persons cannot be held liable for conspiracy under the Civil Rights Statutes if the other conspirators are state officials who are themselves immune to liability under the facts alleged." *Sykes v. State of Cal.*, 497 F.2d 197, 202 (9th Cir. 1974).

### 2.   The Truthfulness of Mr. Kingsley's Testimony Was Finally Resolved in the *Jones* Action

Further, the state court proceedings in the *Jones* action are the exclusive forum for determining whether Mr. Kingsley's testimony in that case was reliable and accurate. *See* Doc. 77 ¶¶ 275, 285–291. This Court should not sit as a de facto Court of Appeals over the state court to decide Mr. Kingsley's credibility and similar issues—least of all while Mr. Libman appeals the state-court orders to which Mr. Kingsley's testimony relates. RJN, Ex. 5 (Notice of Appeal). The Court should dismiss the FAC as to the Kingsley Defendants in deference to the state court rulings under the doctrines of res judicata, *Rooker-Feldman* deference, and abstention of federal jurisdiction.

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

### a.      Res Judicata Applies

Res judicata bars this Court from relitigating whether Mr. Kingsley gave reliable and accurate testimony in the *Jones* action. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "[F]ederal courts are required to give a state court judgment the same preclusive effect that it would be given by the courts of the state from which it emerged." *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). "While every litigant deserves his or her day in court, few deserve two." *Id.* at 365.

Applying California's res judicata principles, the claims that Plaintiffs assert against the Kingsley Defendants are barred. Plaintiffs allege that Eric Kingsley "gave a brief and false declaration" in the *Jones* action and that he "participated with Judge Berle in a scheme to scapegoat, falsely accuse and deprive [Plaintiff Michael Libman and his law practice] of property" (i.e., the attorneys' fees he had to disgorge). Doc. 77 ¶¶ 275, 355. The state court, by contrast, found Mr. Kingsley's testimony to be credible and relied on it in issuing the disgorgement order. RJN, Ex. 2, ¶ 3;  RJN, Ex. 3, ¶ 2. The propriety of the disgorgement order is the subject of Mr. Libman's appeal pending in the California Court of Appeal, Second Appellate District, case no. B313095. RJN, Ex. 5 (Notice of Appeal); RJN, Ex. 2 (Disgorgement Order) at 2:23–26 (Libman "misrepresent[ed] substantial portions of his declaration, including statements that involved his credentials"); RJN, Ex. 3 (Sanctions Order) at ¶ 2 (imposing an issue sanction taking it as "established that Libman did not act as co-counsel or perform any work in the 32 class actions he claims he worked on with Kingsley & Kingsley").

He cannot appeal the disgorgement order in state court while litigating its constitutionality in federal court. He could have asserted the same constitutional

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

violations in the state proceeding and appealed them there. Allowing him to assert them now in a federal action could lead to inconsistent adjudication with the state appeal and foster piecemeal litigation. *Allen*, 449 U.S. at 101 (where issue was previously decided against plaintiff in state court, he was not entitled to relitigate it in a civil rights action in federal court); *Palomar Mobilehome Park Ass'n,* 989 F.2d at 364 (plaintiff barred from pursuing federal action raising federal constitutional issues that were or could have been litigated in a state court proceeding). The factual issues giving rise to claims against the Kingsley Defendants have been finally determined in state court.

### b.    The *Rooker-Feldman* Doctrine Applies

Alternatively, the Court should dismiss under the *Rooker-Feldman* doctrine, which prohibits federal courts from hearing de facto appeals of state court judgments. *See Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). "*Rooker-Feldman* requires that the district court dismiss [such a] suit for lack of subject matter jurisdiction." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). "*Rooker-Feldman* looks to federal law to determine whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. If the injury alleged resulted from the state court judgment itself, *Rooker-Feldman* directs that the lower federal courts lack jurisdiction." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900–01 (9th Cir. 2003) (citations and internal quotations omitted).

The FAC alleges that Mr. Kingsley's declaration and testimony in the *Jones* case resulted in Judge Elihu Berle ordering "disgorgement sanctions of $1.65 million of [Plaintiff Michael Libman's] fees." Doc. 77 ¶ 303. The fee disgorgement constitutes the same injury that Mr. Libman seeks to reverse through his state-court appeal. RJN, Ex. 5 (Notice of Appeal). This Court lacks jurisdiction to

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

concurrently decide the issues that Mr. Libman continues to pursue in state litigation.

### c.     The Federal Abstention Doctrine Applies

Similarly, the Court should abstain from jurisdiction under the abstention doctrine pending a decision of the California Court of Appeal. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 (1976); *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Colorado River* doctrine, federal courts may abstain from jurisdiction to avoid duplicative litigation. *Colorado River Water Conservation Dist.*, 424 U.S. at 817–818. In deciding whether to abstain pursuant to *Colorado River*, courts consider factors such as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. *Id.* at 818–819. No one factor is determinative. *Id.*

The *Colorado River* factors apply here because Plaintiff Michael Libman litigated a state-court action in which he is either still challenging, or could have challenged, the Los Angeles Superior Court's orders that he disgorge attorneys' fees, pay sanctions, and be held in contempt of court. RJN, Ex. 5 (Notice of Appeal). These are the same orders that he challenges through his Section 1983 claim in the present case. Doc. 77 ¶ 359 (Michael Libman seeking "property rights from the *Jones* settlement agreement and Final Judgment"). There is no question that the state court obtained jurisdiction over these claims prior to the present Court. *See* RJN, Ex. 2 (March 24, 2021 Disgorgement Order), Ex. 3 (March 24, 2021 Sanctions Order), Ex. 4 (March 24, 2021 Contempt Order). The Court should abstain from jurisdiction to avoid piecemeal litigation and in deference to an earlier filed state-court action.  *Colorado River*, 424 U.S. at 818–819.

Aside from the *Colorado River* principle, the Court should abstain out of *Younger* deference. Federal courts abstain from jurisdiction where a federal ruling

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

could conflict with civil contempt proceedings in state court. *Juidice v. Vail* (1977) 430 U.S. 327, 335. In *Juidice*, a judgment debtor who was found in contempt by a state court sued under Section 1983 in federal court to enjoin the state-court action. *Id.* at 330. The U.S. Supreme Court held that so-called *Younger* abstention applied, and the District Court should have abstained from jurisdiction. *Id.* at 337. "The contempt power lies at the core of the administration of a State's judicial system." *Id.* at 335. Out of comity and a respect for state sovereignty, federal courts must not interfere. *Id.* at 37. "[T]he principles which underlie *Younger* call for dismissal of the action." *Id.*; *see also Gilbertson v. Albright* (9th Cir. 2004) 381 F3d 965, 968; *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial.")

The Court's acceptance of jurisdiction here could interfere with the state-court contempt order. That order was predicated, in part, on Mr. Libman's refusal to provide testimony justifying his statement that he had co-counseled 32 class-action cases with the Kingsley firm. RJN, Ex. 4 (Contempt Order). This is just like the plaintiff in *Juidice*, 430 U.S. at 329, who failed to testify at a duly noticed deposition. In the present action, Mr. Libman challenges the contempt order, alleging that Judge Berle "granted the motion [by defendant Brian Kabateck] for OSC for contempt relating to discovery," Doc. 77 ¶ 303, and abused the "[c]ontempt and [s]anction [p]ower," Doc. 77 ¶ 310. Although the basis for the 1983 claim against the Kingsley Defendants is unclear, Mr. Libman alleges that Mr. Kingsley and other defendants were in a "symbiotic relationship with the Judge Berle" such that testifying against Mr. Libman in the *Jones* case deprived Mr. Libman of money and property. Doc. 77 ¶¶ 355, 359-360. Presumably, this includes through the imposition of contempt sanctions as alleged earlier in the

MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT

FAC. See Doc. 77 ¶ 350. This Court may not interfere with Judge Berle's contempt order in *Jones*. It should instead dismiss the FAC pursuant to *Juidice* and *Younger*. *Juidice*, 430 U.S. at 337 ("[T]he principles which underlie *Younger* call for dismissal of the action.").

### D.   Plaintiffs Have Not Stated a Ralph Act Claim

Plaintiffs cannot state a claim against the Kingsley Defendants for violating the Ralph Act. Doc. 77 ¶¶ 398-408. The Ralph Act protects against violence or threats of violence on account of a protected characteristic. *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 880–81 (2007). The elements of the claim are that: "(1) Defendants committed or threatened violent acts against Plaintiffs; (2) Defendants were motivated by their perception of Plaintiffs' [protected characteristic]; (3) Plaintiffs were harmed; and (4) Defendants' conduct was a substantial factor in causing Plaintiffs harm." *Campbell v. Feld Ent., Inc.*, 75 F. Supp. 3d 1193, 1205 (N.D. Cal. 2014). "[T]he plain meaning of the word 'violence,' . . . clearly involves some physical, destructive act." *Id.* (internal quotation omitted); *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1289 (9th Cir. 2001); Cal. Civ. Code § 51.7(b)(1).

Plaintiffs have failed to allege any act of violence or violent threats. Doc. 77 ¶¶ 398-408. The allegations arise from testimony that Eric Kingsley gave in the *Jones* case in January and February 2021. Doc. 77 ¶¶ 275–291; RJN, Ex. 1 (Kingsley Declaration). By contrast, the allegations supporting the Ralph Act claim relate almost entirely to an FBI raid on Plaintiffs' home occurring on June 30, 2020—six months before Eric Kingsley was called to testify. Doc. 77 ¶¶ 199, 402 (alleging that FBI agents pointed a gun at Michael Libman's son during the raid). There are no allegations that Mr. Kingsley was involved in this raid.

The FAC's new statement that Eric Kingsley colluded with other Defendants to have Agent Ruscitti call Plaintiff Michael Libman on March 8, 2021 cannot

28

MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT

support a claim that Mr. Kingsley committed or threatened "violent acts." The FAC merely alleges that, on March 8, 2021, Agent Ruscitti told Mr. Libman to "keep away from attorney Brian S. Kabateck." Doc. 77 ¶ 8. There is no allegation that Agent Ruscitti "threatened violent acts against Plaintiffs" and nothing tying this telephone call to Mr. Libman's protected characteristics. *Campbell v. Feld Ent., Inc.*, 75 F. Supp. 3d 1193, 1205 (N.D. Cal. 2014).

Just as with the 1983 claim, the Ralph Act claim cannot survive based on conclusory statements that Mr. Kingsley "colluded" or "conspired" to violate the Act. *See* Doc. 77 ¶ 389. A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "*Iqbal*'s plausible complaint rule must be satisfied in a conspiracy claim as in any other type of claim." *Wilburn v. Bratcher, No.* 215CV00699TLNGGH, 2016 WL 4126759, at *7 (E.D. Cal. Aug. 2, 2016).

The FAC does not allege any facts that Mr. Kingsley—a private employment law attorney—was aware of or involved in a 2020 FBI raid of Michael Libman's home, or that he had any connection to an FBI agent's March 8, 2021 telephone call to Mr. Libman. Doc. 77 ¶¶ 40–41. Again, the only facts stated against the Kingsley Defendants are that Mr. Kingsley submitted a "very brief and false, willfully, fraudulent, and sham declaration" against Mr. Libman in the *Jones* case on January 4, 2021 and that he was compelled to testify in support of his declaration "on February 8, 2021." Doc. 77 ¶ 285; RJN Ex. 1 (Kingsley Decl.). The only alleged coordination with other Defendants came in the form of discussions with attorney Brian Kabateck at or around the time of Mr. Kingsley's 2021 deposition. Doc. 77 ¶ 285–291. There are no plausible allegations tying the

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

Kingsley Defendants to the 2020 FBI raid or to an FBI agent's phone call to Mr. Libman.

### E.    Plaintiffs Have Not Stated an Abuse of Process Claim

The Court should dismiss the Abuse of Process claim, even if it addresses it on the merits instead of striking it for exceeding the scope of leave to amend. The Abuse of Process claim arises from Mr. Kingsley's protected activity of testifying and providing a declaration, for which he is immune from prosecution for the reasons given above and pursuant to the litigation privilege in Section 47 of California's Civil Code. FAC ¶ 449; *Navellier v. Sletten*, 106 Cal.App.4th 763, 770 (2003); *Rubin v. Green*, 4 Cal.4th 1187, 1195 (1993) (complaint and subsequent pleadings in case were privileged).  "Undergirding the immunity conferred by section 47(b) is the broadly applicable policy of assuring litigants "the utmost freedom of access to the courts to secure and defend their rights." *Rubin v. Green*, 4 Cal.4th 1187, 1194 (1993) (internal quotations omitted). Thus, "[t]he tort of abuse of process is barred by the litigation privilege . . . ." (*Pollock v. University of Southern California* (2003) 112 Cal.App.4th 1416, 1429–1430, citing Civ. Code, § 47, subd. (b)(2); *see ibid.* ["Section 47, subdivision (b)(2) is a defense to an abuse of process action."].) "The § 47(b) litigation privilege applies to state claims in federal court," so the Abuse of Process claim must be dismissed. *Hogan v. Robinson*, No. CIVF036408AWILJO, 2005 WL 8176432, at *7 (E.D. Cal. Jan. 31, 2005).

## V.    THE COURT SHOULD DENY LEAVE TO AMEND

The Court should deny leave to amend. "Where the plaintiff has previously filed an amended complaint . . . the district court's discretion to deny leave to amend is 'particularly broad.'" *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004); see also *Gadda v. State Bar of Cal.*, 511 F.3d 933, 939 (9th Cir. 2007) (affirming dismissal without leave to amend where plaintiff did "not

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

suggest[] any possible way that he could cure his complaint to survive dismissal upon amendment"). The only claims against the Kingsley Defendants arise from Mr. Kingsley's protected testimony, raise constitutional claims not applicable to private individuals, and duplicate issues that Mr. Libman is attempting to litigate concurrently in state court. There is no hope that Plaintiffs can fix these defects though another amendment.

## VI.   CONCLUSION

For the above reasons, the Kingsley Defendants respectfully request that the Court grant their Motion to Dismiss as to the entirety of the FAC's allegations against them.

DATED: February 17, 2022          KINGSLEY & KINGSLEY, APC


By: */s/ Ari J. Stiller*
    Ari J. Stiller
    Attorneys for Defendants Kingsley &
    Kingsley and Eric Kingsley

**MOTION TO DISMISS AND STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**