Kirk D. Dillman, SBN 110486
 (kdillman@mckoolsmithhennigan.com)
**McKOOL SMITH, P.C.**
300 S. Grand Ave., Suite 2900
Los Angeles, CA 90071
Telephone:  (213) 694-1200
Facsimile:   (213)694-1234

Brian S. Kabateck, SBN 152054
 (bsk@kbklawyers.com)
Anastasia K. Mazzella, SBN 245201
 (am@kbklawyers.com)
**KABATECK LLP**
633 W. Fifth Street, Suite 3200
Los Angeles, CA  90071
Telephone:  (213) 217-5000
Facsimile:   (213) 217-5010

*Attorneys for Defendants Kabateck LLP,
Brian S. Kabateck, and Anastasia K. Mazzella*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. LIBMAN an individual, LAW OFFICES OF MICHAEL J. LIBMAN, APC, a California Professional Corporation; BARBARA LIBMAN, on behalf of the class of U.S. Citizens and Residents; MINOR "A" by and through the minor's parents MICHAEL J. LIBMAN AND BARBARA LIBMAN; MINOR "B" by and through the Minor's parents MICHAEL J. LIBMAN and BARBARA LIBMAN<br><br>PLAINTIFF, | CASE NO. 2:21-cv-09455-FWS-MAA<br><br>**KABATECK DEFENDANTS' MOTION FOR STAY OF DSICOVERY PENDING MOTIONS TO DISMISS**<br><br>Date:         June 2, 2022<br>Judge:       Hon. Fred W. Slaughter<br>Time:        10:00 a.m.<br>Place:       Santa Ana, Courtroom 10D<br><br>Trial Date:  None Set |

1

**KABATECK DEFENDANTS' MOTION FOR STAY OF DISCOVERY PENDING
MOTIONS TO DISMISS**

v.

UNITED STATES OF AMERICA; National Government; US ATTORNEY GENERAL MERRICK B. GARLAND, in his official capacity; TRACY L. WILKISON, in her official capacity; KRISTI KOONS JOHNSON, in her official capacity MELISSA J. MILLS, ESQ (USACAC) in her individual capacity; FBI SPECIAL AGENT ANDREW CIVETTI in his individual capacity; FBI SPECIAL AGENT JULIENNE MAYFIELD in her individual capacity; FBI SPECIAL AGENT JOHN DOE in his individual capacity; FBI SPECIAL AGENT JIM DOE in his individual capacity; FBI SPECIAL AGENT THOMAS RUSCITTI, in his individual capacity; BRIAN S. KABATECK, ESQ, in his individual capacity and as an actor under color of state law; KABATECK, LLP, entity of unknown form; MICHAEL FEUER, in his individual capacity; JUDGE ELIHU M. BERLE, in his individual capacity; CITY OF LOS ANGELES, a municipal entity; MARIBETH ANNAGUEY, ESQ. individually; ERIC M. GEORGE, individually; ERIC KINGSLEY an individual; KINGSLEY AND KINGSLEY, entity form unknown; NICOLA HANNAH in his individual capacity; MACK ERIC JENKINS, ESQ. in his individual capacity and DOES 3 to 300 inclusive,

DEFENDANTS.

2

**KABATECK DEFENDANTS' MOTION FOR STAY OF DISCOVERY PENDING MOTIONS TO DISMISS**


**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on June 2, 2022 at 10:00AM, or as soon thereafter as the matter may be heard, in Courtroom 10D located the Santa Anna Courthouse, Defendants Brian Kabateck, Kabateck LLP, and Anastasia K. Mazzella (collectively hereinafter "the Kabateck Defendants"), by and through their attorney of record, will move the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to order that discovery be stayed in these proceedings until the Court has ruled on the various Motions to Dismiss filed by Defendants. The Kabateck Defendants have, in good faith attempted to confer with Plaintiff Libman in an effort to resolve the issue without court action, but such efforts were unfruitful, as is more fully explained below.

The name, address, telephone number and e-mail address of counsel for the opposing party is:

Michael J. Libman (SBN 222353)

Law Offices of Michael J. Libman

18321 Ventura Boulevard, Suite 700

Tarzana, California 91356

Telephone: (818) 995-7300

Facsimile: (866) 644-6764

mjl@libmanlaw.com

This motion is based on the following points and authorities, the attached exhibits, the declaration of Kirk D. Dillman, and any and all other documents before the Court.

| | | |
|---|---|---|
| DATED: May 5, 2022 | | **McKOOL SMITH, P.C** |
| | | By: /s/ Kirk D. Dillman |
| | | |
| | | Kirk D. Dillman |
| | | *Attorneys for Defendants Kabateck LLP, Brian S. Kabateck and Anastasia K. Mazzella* |

**KABATECK LLP**

By: /s/ Brian S. Kabateck

Brian S. Kabateck
Anastasia K. Mazzella
*Attorneys for Defendants Kabateck LLP, Brian S. Kabateck and Anastasia K. Mazzella*

# TABLE OF CONTENTS

I.   INTRODUCTION ....................................................................................7

II.  STATEMENT OF FACTS........................................................................9

II.  A DISCOVERY STAY IS APPROPRIATE BECAUSE DEFENDANTS' PENDING MOTIONS LIKELY WILL DISPOSE OF THE ENTIRE ACTION AND DO NOT REQUIRE DISCOVERY FOR THEIR RESOLUTION. ......................................................................................14

     A.   Defendants' pending motions likely will dispose of the entire case.................................................................................................15

     B.   The motions to dismiss can and should be decided without discovery.. ......................................................................................15

V.   CONCLUSION.......................................................................................17

# TABLE OF AUTHORITIES

**CASES**

*Little v. City of Seattle*,
    863 F.2d, 681 (9th Cir. 1988) ..................................................................... 15

*Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*,
    288 F.R.D. 500 (D. Nev. 2013) ................................................................... 15

*Mlejnecky v. Olympus Imaging Am. Inc.*,
    2011 WL 489743, at 6 (E.D. Cal. 2011) ..................................................... 14

*OSU Student All. v. Ray*,
    699 F.3d 1053 (9th Cir. 2012) ..................................................................... 16

*Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*,
    2007 WL 1146607, at 1 (E.D. Cal. 2007) ................................................... 14

*Spearman v. I Play, Inc.*,
    2018 WL 1382349 (E.D. Cal., 2018) .......................................................... 14

**OTHER AUTHORITIES**

42 U.S.C. § 1983 ................................................................................................ 15

42 U.S.C. § 1985 ................................................................................................ 15

Fed. R. Civ. 12(b) 6 ........................................................................................... 11

**KABATECK DEFENDANTS' MOTION FOR STAY OF DISCOVERY PENDING MOTIONS TO DISMISS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Kabateck Defendants respectfully request an order staying discovery in this matter until the seven pending motions to dismiss have been resolved.[1] The First Amended Complaint ("FAC") is a 132-page diatribe that pedals outlandish conspiracy theories against nearly two dozen Defendants, including government officials, FBI Agents, law firms and lawyers, and a sitting State Court judge, in retaliation for these public officials and private lawyers performing court ordered duties and obligations. (Dkt. 77. (Plaintiffs)). With no date for the motions to dismiss on calendar, the Kabateck Defendants are forced to bring this motion for an order to stay discovery until the lawsuit has passed judicial scrutiny.

Michael Libman filed this lawsuit, which can best be described as retaliatory in nature, on December 6, 2021. The claims against the Kabateck Defendants arise from their litigation activity as class counsel appointed by the Honorable Elihu Berle, another defendant in this case, to replace Jack Landskroner and his co-counsel, Plaintiff Michael Libman in a class action entitled *Jones v. City of Los Angeles*, Los Angeles Superior Court Case No. BC577267 after evidence of collusion surrounding the lawsuit emerged.[2] As new class counsel, Kabateck Defendants were asked to evaluate whether the *Jones* settlement was fair, reasonable and adequate despite its collusive origins.

Plaintiffs filed this lawsuit after the Kabateck Defendants discovered evidence that Mr. Libman made material misrepresentations to the court to justify a

---

[1] On May 3, 2022, the Court vacated the hearing date for the numerous Defendants' Motions to Dismiss and has not yet set new dates as of the filing of this motion. The Kabateck Defendants' motions were originally scheduled for May 19, 2022.

[2] The controversy surrounding the *Jones* action has been widely reported in the press over the last three years. Four individuals who were either directly or indirectly involved in the *Jones* case have pled guilty to federal various crimes.

substantial fee award at the time of final approval in 2017. Mr. Kabateck's investigation into the *Jones* settlement resulted in, among other things: (1) an order requiring Mr. Libman to disgorge $1.65 million in attorney fees he had misappropriated from the prior class settlement, (2) an order finding him in contempt of court, awarding Class Counsel $44,012.50 in attorney fees and (3) a monetary sanction of $116,647.29 in attorney fees and costs for his unprofessional conduct.

Along the way, Mr. Libman has made direct threats to Mr. Kabateck such as, "When I am done with you, God won't be able to help you." Even more frightening, Mr. Libman went to Mr. Kabateck's home, unannounced, and when asked by Judge Berle if he would agree to stay away from Mr. Kabateck's home, said he would not because he needed a "line of sight" into the home.  (Declaration of Kirk Dillman, "Dillman Decl.", Ex. 1 at p. 67.) Judge Berle concluded that Mr. Libman presented a risk of "immediate and continuing harm" to the Kabateck Defendants and issued a restraining order prohibiting him from coming within 100 yards of either Mr. Kabateck or Ms. Mazzella. (Dillman Decl., Ex. 2, Restraining Order).

Plaintiffs' claims are frivolous, run contrary to obvious privileges and immunities, and almost certainly will not survive the pending motions to dismiss. At an absolute minimum, these motions will materially reduce and confine the scope of this action. Defendants should not be required to engage in costly and ultimately irrelevant and unnecessary discovery pending their outcome. Nor is there any urgency in conducting discovery now: Plaintiffs only filed the First Amended Complaint on February 3, 2022; the Rule 26(f) meeting of counsel required before discovery can be conducted has not yet occurred; and, contrary to seeking to expedite this matter, Plaintiffs recently requested and received a continuance of the Scheduling Conference to August 8.  (Dckt. No. 143).

**KABATECK DEFENDANTS' MOTION FOR STAY OF DISCOVERY PENDING MOTIONS TO DISMISS**

Despite the fact that a Rule 26(f) meeting of counsel has not yet occurred—a prerequisite to commencing discovery pursuant to Rule 26(d)—Mr. Libman has stated that he intends to notice the depositions of Brian Kabateck and Anastasia Mazzella for June 8 and 9, respectively. Mr. Libman's conduct surrounding these depositions exposes them as vehicles intended simply to annoy and harass. The focus of Plaintiffs' claims against Mr. Kabateck and Ms. Mazzella is their investigations and work as court-appointed class counsel in the *Jones* case. That work not only is protected under the litigation privilege, it also is non-discoverable work product. These depositions thus are unlikely to yield any relevant evidence and certainly do not need to be conducted before motions to dismiss are resolved. To make matters worse, Mr. Libman has candidly stated that his claims against the Kabateck Defendants are "personal" and that his purpose is to "annihilate Brian Kabateck as a lawyer." (Dillman Decl., ¶ 9). Consistent with this rhetoric, he insists on taking these depositions in person in direct violation of the restraining order against him.

Defendants seek an efficient and orderly process to resolve this matter. A stay of discovery until the Court can rule upon Plaintiffs' baseless claims will facilitate that end.

## II.   STATEMENT OF FACTS

The claims against the Kabateck Defendants are based in major part[3] on their activity as court-appointed counsel in a class action titled *Jones v. City of Los*

---

[3] Plaintiffs also speculate that Brian Kabateck and Anastasia Mazzella were involved in unspecified ways in an alleged conspiracy with the US Attorney's Office, the FBI, and others to obtain and execute a search warrant for Mr. Libman's home, a search warrant apparently issued because of substantiated concerns regarding Libman's possession and/or trafficking of illegal machine guns. The claim that an individual could conspire with and direct the FBI with respect to how it exercised its police powers is facially absurd. Not surprisingly, the FAC contains no allegation that even remotely support such a conclusion.

*Angeles*, Los Angeles Superior Court Case No. BC577267. The *Jones* matter is pending before the Honorable Elihu Berle in the Complex Courts.

*Jones* involved claims against the Los Angeles Department of Water and Power arising out of its implementation of a disastrous billing system that resulted in inaccurate utility bills being sent out to hundreds of Los Angeles residents. On April 1, 2015, Mr. Libman and an Ohio lawyer named Jack Landskroner filed a class action on behalf of LADWP customers. The case settled in July of 2017. After evidence of collusion between Landskroner and the City's counsel surfaced in early 2019, Judge Berle terminated both Messrs. Libman and Landskroner as class counsel and appointed Brian Kabateck as new class counsel to investigate the settlement and related allegations of collusion.

While acting in this court-appointed capacity, Mr. Kabateck discovered that Mr. Libman had made material representations to the Court in connection with his successful application for an award of $1.65 million in attorney's fees from the *Jones* settlement. On, March 4, 2021, Judge Berle granted Mr. Kabateck's motion on behalf of the class to require Mr. Libman to disgorge his ill-gotten fees. Mr. Libman appealed that order and subsequently sued the Kabateck Defendants in this Court for bringing his improper conduct to light. (Dillman Decl., Ex. 3, Disgorgement Order).

Mr. Libman became increasingly hostile as the Kabateck Defendants' judicially-sanctioned investigations progressed. For almost three years during the investigation, Mr. Libman attempted to take the deposition of Mr. Kabateck based on meritless conspiracy theories and alleged misconduct similar to that asserted here. Judge Berle rebuked his efforts on multiple occasions. This lawsuit is merely an attempt to circumvent Judge Berle's ruling in furtherance of Mr. Libman's personal vendetta against Mr. Kabateck.

In fact, Mr. Libman has entered Mr. Kabateck's property in an alleged attempt to serve a deposition notice on him. (Ex. 1, at p. 54). At a hearing on August 3, 2020, Judge Berle asked Mr. Libman why he needed to personally serve Mr. Kabateck at his home when electronic service or an office visit could have sufficed. (*Id*. p. 58). Mr. Libman refused to provide any actual reason and refused to agree to stay away from Mr. Kabateck's home, chillingly stating that he needed a "line of sight" into the home. (*Id.* at p. 64)

As a result, Judge Berle issued a restraining order against Mr. Libman finding that he presented a risk of "immediate and continuing harm" and enjoining him from coming within 100 yards of Mr. Kabateck, his wife, Defendant Anastasia Mazzella, or Mr. Kabateck's home. (Dillman Decl., Ex. 2, Restraining Order). The only exception was for in-court appearances at the Spring Street Courthouse in front of Judge Berle in the *Jones* matter. (*Id.*).

On December 6, 2021, Plaintiffs filed their original Complaint in this action for various imagined conspiracies related to the *Jones* matter as well as an apparent FBI raid and search of their home connected to Mr. Libman's apparent possession of and/or trafficking in illegal machine guns. (Dkt. 1. (Plaintiff)). The Kabateck Defendants, along with a host of other Defendants, filed motions to dismiss the original Complaint pursuant to Fed. R. Civ. 12(b) 6. (Dkt. No. 51-1 (Kabateck Defendants)). On January 24, 2022, this Court granted the Defendants' motions but gave Mr. Libman leave to amend. Plaintiffs filed the FAC on February 3, 2022. (Dkt. No. 77. (Plaintiffs)).

The FAC is largely identical to the original Complaint and fails to remedy any of the pleading defects highlighted in Defendants' motions. Defendants each thus filed motions to dismiss the FAC. (Dkt. Nos. 86. (Kingsley Defendants), 87. (Los Angeles & Michael Feuer), 90. (Eric M. George), 93. (Maribeth Annaguey), 95. (Hon. Judge Berle), 97. (The Kabateck Defendants), 137. (United States of

1  America)).  Those motions were set for hearing on various dates.  However,
2  following the transfer of this matter to the calendar of Hon. Judge Fred W.
3  Slaughter (Dkt. No. 138), the hearing dates were vacated on the Court's own
4  motion, to be reset for a future date. (Dkt. No. 151.).

5       No Scheduling Conference has occurred in this case, and no Rule 26(f)
6  meeting of counsel has occurred.  The Scheduling Conference was originally set
7  for May 26. At Plaintiffs' request however, this Court continued it to August 8,
8  2022. (Dckt. No. 143).

9       Plaintiffs served the Kabateck Defendants with notices of in-person
10 depositions and requests for documents for Brian Kabateck and Anastasia
11 Mazzella on March 15, 2022. (Dillman Decl., Ex. 4, Kabateck Notice of
12 Deposition and Ex. 5, Mazzella Notice of Deposition). Mr. Libman unilaterally set
13 the depositions for April 19 and 20, respectively.  The Kabateck Defendants'
14 recently-retained lead counsel, Kirk D. Dillman, was not available (or in the state)
15 on the dates Mr. Libman had selected. (Dillman Decl., at ¶ 8). Mr. Dillman reached
16 out to Mr. Libman to request a short extension of the depositions to a date that was
17 mutually tenable for all parties. (Dillman Decl., at ¶ 8-9; Ex. 6).

18      Mr. Libman declined, saying that this lawsuit was "deeply personal" for
19 him; and, while he normally would agree to such an extension, he would not in this
20 case.  He expressly stated that he would not extend any courtesy or civility in this
21 case to Mr. Kabateck or anyone Mr. Kabateck sought to "put in between" himself
22 and Mr. Libman. He further stated that he "intend(s) to annihilate Kabateck as a
23 lawyer" because of Mr. Kabateck's actions as special class counsel in the *Jones*
24 matter. (*Id.* at ¶9-10).

25      As a result, the Kabateck Defendants were forced to file an ex parte
26 application to continue the deposition to date after the May 26 Scheduling
27 Conference. (Dckt. No. 117). Magistrate Judge Audero granted the Kabateck
28

**KABATECK DEFENDANTS' MOTION FOR STAY OF DISCOVERY PENDING MOTIONS TO DISMISS**

Defendants' application on April 8, 2022, ordering the depositions continued to a date agreeable by all parties between May 27, 2022, and June 15, 2022. (Dckt No. 126). Mr. Kabateck and Ms. Mazzella subsequently agreed to June 8 and 9 for their depositions, subject to the depositions being conducted remotely, consistent with Judge Berle's restraining order against Mr. Libman. Mr. Libman has not yet noticed these depositions but has stated that he will not conduct the depositions remotely and intends to proceed in-person. (Dillman Decl., at ¶ 11-13).

The original Scheduling Conference date was May 26, 2022. After this action was subsequently transferred to the calendar of Hon. Judge Fred W. Slaughter (Dckt. No. 138), the Court continued the Scheduling Conference on Mr. Libman's own motion to August 8, 2022. (Dkt. No. 143). The Kabateck Defendants attempted to informally resolve this matter with Magistrate Judge Audero through a telephonic conference. (Dillman Decl., at ¶12-14 ). However, the Kabateck Defendants were unable to reach an agreement with Mr. Libman after several attempts through emails which were ignored or rejected with no good reason. (Dillman Decl., at ¶ 14). Magistrate Judge Audero then ordered the Kabateck Defendants to file this motion with the Hon. Judge Slaughter on May 2, 2022. (Dillman Decl., at ¶ 15).

Finally, there is no current standing order published by Judge Slaughter stating if discovery is to occur before the Rule 26(f) Scheduling Conference. As set forth below, good cause exists to stay discovery until the various motions to dismiss have been heard and ruled upon.

### III. DISCOVERY IS PREMATURE UNDER FRCP RULE 26(d).

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

The parties have not yet satisfied the meet and confer obligations of Rule 26(f). When the Scheduling Conference in this matter was continued at Plaintiffs' request from May 26, 2022, to August 8, 2022 (Dkt. No. 143), the meet and confer deadline was correspondingly continued. Discovery thus is presumptively prohibited under Rule 26(f). While the previous presiding judge, Hon. Judge Olguin's Standing Order expressly permitted discovery without regard to the requirements of Rule 26(f), this Court does not appear to have issued a similar order. Accordingly, discovery at this stage is premature. Furthermore, while Magistrate Judge Audero ordered the depositions of Mr. Kabateck and Ms. Mazzella to go forward, she required that they be delayed until after the prior May 26 Scheduling Conference date and thus after the Rule 26(f) meet and confer presumably would have occurred. Now that the Scheduling Conference has been continued and Judge Olguin's Standing Order is no longer in place, Rule 26(d)(1) would appear to apply to these depositions as well.

## II. A DISCOVERY STAY IS APPROPRIATE BECAUSE DEFENDANTS' PENDING MOTIONS LIKELY WILL DISPOSE OF THE ENTIRE ACTION AND DO NOT REQUIRE DISCOVERY FOR THEIR RESOLUTION.

The 9th circuit has established a two-prong test to decide whether to stay discovery in federal cases pending motions to dismiss. The first prong requires that the pending motion be potentially dispositive of the entire case, or dispositive on the issues at which discovery is aimed. The second prong requires the court to determine whether the pending motion can be decided without additional discovery. *See Mlejnecky v. Olympus Imaging Am. Inc*., 2011 WL 489743, at 6 (E.D. Cal. 2011); *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, 2007 WL 1146607, at 1 (E.D. Cal. 2007); *Spearman v. I Play, Inc.*, 2018 WL 1382349 (E.D. Cal., 2018). The Kabateck Defendants can satisfy both prongs.

**A.     Defendants' pending motions likely will dispose of the entire case.**

A discovery stay is appropriate if the Plaintiff is unable to make out a viable claim for relief. *See Little v. City of Seattle*, 863 F.2d, 681, 685 (9th Cir. 1988) ("Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants.") District courts in the 9th Circuit have held that common situations warranting a stay pending a ruling on dispositive motions include when the dispositive motions raise issues of jurisdiction, venue, or immunity. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 504 (D. Nev. 2013).

As detailed more fully in the Kabateck Defendants' Motion to Dismiss, each of the claims against them runs afoul of broad immunities and privileges and thus has no legal merit:

- First, every count and claim alleged against the Kabateck Defendants arises from protected activities under the First Amendment. Accordingly, California's litigation privilege and the *Noerr-Pennington* doctrine bar Plaintiffs' Complaint.
- The Second Cause of Action for declaratory relief fails because there is no actual controversy with respect to the Kabateck Defendants usurping Libman's claim for attorney fees. The Kabateck Defendants are not seeking any fees under the 29% provision and thus there is no controversy for the court to rule on.
- The Third and Sixth Causes of Action for violations of 42 U.S.C. § 1983 and 42 U.S.C. § 1985, fail because the court order appointing the Kabateck Defendants as new class counsel to protect the interests of the *Jones* class is insufficient to find that the Kabateck Defendants were acting under the color of state law and authority.

**KABATECK DEFENDANTS' MOTION FOR STAY OF DISCOVERY PENDING MOTIONS TO DISMISS**

- The Seventh Cause of Action for violation of the Tom Bane Act fails because there are insufficient allegations to establish any type of conspiracy between Mr. Kabateck and any other defendant named in this case.
- The Eighth Cause of Action for violation of the Ralph Civil Rights Act fails because the FAC does not allege sufficient facts establishing that Mr. Kabateck threatened or committed violent acts against Plaintiffs.
- The Tenth Cause of Action for Defamation fails because the allegations are too vague, conclusory, and speculative to meet the standards set forth in FRCP 8.

### B. The motions to dismiss can and should be decided without discovery.

The FAC presents implausible claims that discovery cannot save from court scrutiny. *See OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012) ("To be sure, when a plaintiff presses an implausible claim, lack of access to evidence does not save the complaint. *See Iqbal,* 129 S.Ct. at 1950. ("Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

The FAC alleges conclusory and implausible conspiracies between the Kabateck Defendants and various federal, state, and municipal actors based almost entirely on unsupported "information and belief"—a paranoid delusion of a vast conspiracy to harm him in various and sundry ways participated in by nearly two dozen otherwise unrelated actors. Discovery cannot shore up the deficiencies in Libman's moving papers precisely because he has alleged no plausible claims.

Nor is discovery needed to decide the pending motions to dismiss, which take all well-pleaded allegations as true. One way or the other, Libman has taken no meaningful steps to gather facts, documents, or testimony and his date for opposing the pending motions has long since come and gone. His own behavior

thus reveals that even he does not believe that discovery is required to defend the pending motions to dismiss. Accordingly, the Court should stay discovery until it has ruled on the motions. In the unlikely event the Court feels that discovery may appropriate, it can make that determination on full briefing. In the meantime, there is no need or basis to burden the Defendants with harassing and unnecessary discovery.

## V.   CONCLUSION

For the reasons set forth above, Kabateck Defendants respectfully request that the Court stay discovery until Defendants' motion to dismiss have been heard and adjudicated.

DATED: May 5, 2022

**McKOOL SMITH, P.C**

By: /s/Kirk D. Dillman
Kirk D. Dillman
*Attorneys for Defendants Kabateck LLP, Brian S. Kabateck and Anastasia K. Mazzella*

**KABATECK LLP**

By: /s/ Brian S. Kabateck

Brian S. Kabateck
Anastasia Mazzella
*Attorneys for Defendants Kabateck LLP, Brian S. Kabateck and Anastasia K. Mazzella*