1   Kirk D. Dillman, SBN 110486
2    (kdillman@mckoolsmithhennigan.com)
    **McKOOL SMITH, P.C.**
3   300 S. Grand Ave., Suite 2900
    Los Angeles, CA 90071
4   Telephone:   (213) 694-1200
    Facsimile:    (213)694-1234
5

6

7   Brian S. Kabateck, SBN 152054
     (bsk@kbklawyers.com)
8   Anastasia K. Mazzella, SBN 245201
     (am@kbklawyers.com)
9   **KABATECK LLP**
10  633 W. Fifth Street, Suite 3200
    Los Angeles, CA  90071
11  Telephone:   (213) 217-5000
    Facsimile:    (213) 217-5010
12

13  *Attorneys for Defendants Kabateck LLP,*
14  *Brian S. Kabateck, and Anastasia K. Mazzella*

15

16              **UNITED STATES DISTRICT COURT**

17              **CENTRAL DISTRICT OF CALIFORNIA**

18

| | |
|---|---|
| MICHAEL J. LIBMAN an individual, LAW OFFICES OF MICHAEL J. LIBMAN, APC, a California Professional Corporation; BARBARA LIBMAN, on behalf of the class of U.S. Citizens and Residents; MINOR "A" by and through the minor's parents MICHAEL J. LIBMAN AND BARBARA LIBMAN; MINOR "B" by and through the Minor's parents MICHAEL J. LIBMAN and BARBARA LIBMAN<br><br>                      PLAINTIFF,<br><br>       v. | CASE NO. 2:21-CV-09455-FWS-MAA<br><br>**DECLARATION OF KIRK D. DILLMAN IN SUPPORT OF KABATECK DEFENDANTS' MOTION FOR STAY OF DSICOVERY**<br><br>Date:       June 2, 2022<br>Judge:     Hon. Fred W. Slaughter<br>Time:      10:00 a.m.<br>Place:      Santa Ana, Courtroom 10D<br><br>Trial Date:  None Set |

19
20
21
22
23
24
25
26
27
28

---
                                        1
DECLARATION OF KIRK D. DILLMAN IN SUPPORT OF KABATECK DEFENDANTS'
MOTION FOR AN ORDER TO STAY DISCOVERY PENDING MOTIONS TO DISMISS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES OF AMERICA;
National Government; US ATTORNEY
GENERAL MERRICK B. GARLAND, in
his official capacity; TRACY L.
WILKISON, in her official capacity;
KRISTI KOONS JOHNSON, in her
official capacity MELISSA J. MILLS,
ESQ (USACAC) in her individual
capacity; FBI SPECIAL AGENT
ANDREW CIVETTI in his individual
capacity; FBI SPECIAL AGENT
JULIENNE MAYFIELD in her individual
capacity; FBI SPECIAL AGENT JOHN
DOE in his individual capacity; FBI
SPECIAL AGENT JIM DOE in his
individual capacity; FBI SPECIAL
AGENT THOMAS RUSCITTI, in his
individual capacity; BRIAN S.
KABATECK, ESQ, in his individual
capacity and as an actor under color of
state law; KABATECK, LLP, entity of
unknown form; MICHAEL FEUER, in his
individual capacity; JUDGE ELIHU M.
BERLE, in his individual capacity; CITY
OF LOS ANGELES, a municipal entity;
MARIBETH ANNAGUEY, ESQ.
individually; ERIC M. GEORGE,
individually; ERIC KINGSLEY an
individual; KINGSLEY AND KINGSLEY,
entity form unknown; NICOLA HANNAH
in his individual capacity; MACK ERIC
JENKINS, ESQ. in his individual capacity
and DOES 3 to 300 inclusive,

          DEFENDANTS.

DECLARATION OF KIRK D. DILLMAN IN SUPPORT OF KABATECK DEFENDANTS'
MOTION FOR AN ORDER TO STAY DISCOVERY PENDING MOTIONS TO DISMISS

# DILLMAN DECLARATION

I, Kirk D. Dillman, declare as follows:

1.      I am a principal in the law firm of McKool Smith, P.C., attorneys for defendants Brian S. Kabateck, Anastasia K. Mazzella, and Kabateck LLP in this action. The matters stated herein are true of my own personal knowledge.

2.      I associated into this matter on behalf of the Kabateck Defendants on April 5.  I will be lead trial counsel.

3.      The disjointed claims against the Kabateck Defendants focus primarily on investigations they performed as court-appointed class counsel to replace prior class counsel, including Plaintiff Michael Libman, in a state court action entitled *Jones v. City of Los Angeles*, Los Angeles Superior Court Case No. BC577267.  The Kabateck Defendants were tasked, among other things, with investigating evidence of collusion between class counsel, including Libman, and others in the *Jones* action.

4.      True and correct copies of documents filed in the *Jones* action are attached hereto as Exhibits 1 – Exhibits 3 as follows: relevant portions of the August 3, 2020 hearing on the Kabateck Defendants' Motion for Restraining Order (Exhibit 1); Restraining Order dated August 10, 2020 (Exhibit 2); and Disgorgement Order (Exhibit 3).

5.      True and correct copies of the Notices of Deposition for Brian S. Kabateck and Anastasia K. Mazzella are attached hereto as Exhibits 4 and 5, respectively.

6.      Mr. Libman represents himself and his family member Plaintiffs in this action.  On March 15, 2022, Mr. Libman served a deposition notice on Brian Kabateck and Anastasia Mazzella unilaterally setting their depositions for April 19 and 20, respectively.

DECLARATION OF KIRK D. DILLMAN IN SUPPORT OF KABATECK DEFENDANTS'
MOTION FOR AN ORDER TO STAY DISCOVERY PENDING MOTIONS TO DISMISS

7.     The case is not yet at issue.  Multiple motions to dismiss have been filed and have not yet been set for hearing.  The Scheduling conference is set for Jul 11, 2022 (Dckt. No. 143).

8.     On April 5, 2022, I sent an email to Mr. Libman introducing myself and requesting the professional courtesy of a brief continuance of the depositions. A true and correct copy of my April 5th email is attached hereto as Exhibit 6.  I explained:

> "I am unable to make those dates.  I will be out of the state attending to my mother's funeral and related family matters from April 12 through 19, perhaps longer depending on whether I am able to accomplish everything in a week.  I will need time thereafter to get up to speed in this case, which appears far-ranging to say the least, in order to be in a position to meet the upcoming Rule 26(f) deadlines.  My suggestion is that we continue the depositions to dates workable on all calendars after the May 26 Scheduling Conference."

> "The case is not yet at issue and the Court has not yet set any discovery, trial or related dates; so it doesn't appear that there is any immediate urgency in taking these depositions.   I appreciate your professional courtesy and can assure you that the same will be extended by me."

9.     Mr. Libman telephoned my shortly after I sent this email.  He said that he normally would agree to my request but would not in this case.  In what can only be described as a tirade, he explained that this case is "deeply personal" for him and that he "intend(s) to annihilate Kabateck as a lawyer" because of Mr. Kabateck's purported actions as special class counsel in the Jones matter.  He said he would not extend any courtesy or civility in this case to Mr. Kabateck or anyone Mr. Kabateck seeks to "put in between" himself and Mr. Libman, by which I understood he was referring to me.

DECLARATION OF KIRK D. DILLMAN IN SUPPORT OF KABATECK DEFENDANTS'
MOTION FOR AN ORDER TO STAY DISCOVERY PENDING MOTIONS TO DISMISS

10.     I told him that I was disappointed in his response and asked that he try to separate his emotions as a litigant from his status as counsel.   He refused to change his position and said that the Kabateck Defendants would have to bring "all the motions" in order to continue the depositions.  At no time did Mr. Libman ever suggest that time was of the essence in taking these depositions, simply that he would not move them because of his strong, personal animus towards Mr. Kabateck.

11.     After the Magistrate Judge granted the Kabateck Defendants' ex parte application to continue the depositions until after the Scheduling conference (Dckt. No. 126), the Scheduling Conference was moved to August 8, 2022, pursuant to Mr. Libman's own ex parte application. (Dckt. No. 143).

12.     On April 18, 2022, I attempted to meet and confer with Mr. Libman to continue the depositions until after the Scheduling Conference which he chose to continue from May 26. Unfortunately, he refused without citing any specific need for the depositions at such an early stage. (A true and correct copy of my April 8th email is attached hereto as Exhibit 7 at p. 2.)

13.     Next, on April 26, 2022, I told Mr. Libman of our intent to move for an order staying discovery unless and until the pending motions to dismiss are decided and there was a pleading that had withstood judicial scrutiny. I explained that his refusal against remote depositions despite a restraining order showed his true intent to annoy and harass the Kabateck Defendants. (A true and correct copy of my April 26th email is attached hereto as Exhibit 8.)

14.     Mr. Libman chose to ignore my email. Thus, on April 28, in a last-ditch effort to informally resolve this matter without wasting the Court's time and effort, I attempted to set a telephonic conference to discuss how discovery should be stayed until the motions to dismiss have been heard. (Ex. 8 p. 1). Mr. Libman denied the request for any continuance which forced Magistrate Judge Audero to step in.

DECLARATION OF KIRK D. DILLMAN IN SUPPORT OF KABATECK DEFENDANTS'
MOTION FOR AN ORDER TO STAY DISCOVERY PENDING MOTIONS TO DISMISS

15. On April 3, Magistrate Judge Audero ordered us to send the request via motion or ex parte application to Judge Slaughter. (Dckt. No. 151).

DATED: May 5, 2022                                   /s/ Kirk D. Dillman

                                                     Kirk D. Dillman

DECLARATION OF KIRK D. DILLMAN IN SUPPORT OF KABATECK DEFENDANTS'
MOTION FOR AN ORDER TO STAY DISCOVERY PENDING MOTIONS TO DISMISS

Exhibit 1

ANTWON JONES VS CITY OF LOS ANGELES, BC577267
August 3, 2020
Copy

```
 1              SUPERIOR COURT OF THE STATE OF CALIFORNIA

 2                     COUNTY OF LOS ANGELES

 3     DEPARTMENT 6            HON. ELIHU M. BERLE, JUDGE

 4

 5     ANTWON JONES,                   ) NO. BC577267
                                       )
 6                        PLAINTIFF,   )
                                       )
 7     VS.                             )
                                       )
 8     CITY OF LOS ANGELES,            )
                                       )
 9                                     )
                                       )
10                        DEFENDANT.   )
       _____)
11

12          REPORTER'S TRANSCRIPT OF REMOTE PROCEEDINGS

13                   MONDAY; AUGUST 3, 2020

14

15     APPEARANCES REMOTELY VIA LACOURTCONNECT:

16

17     FOR THE CITY OF LOS ANGELES:

                       BROWNE GEORGE ROSS LLP
18                     KATHRYN L. MCCANN, ESQUIRE
                       2121 AVENUE OF THE STARS
19                     SUITE 2800
                       LOS ANGELES, CALIFORNIA 90067
20                     310.274.7100

21

       FOR THE JONES CLASS:
22
                       KABATECK LLP
23                     BRIAN S. KABATECK, ESQUIRE
                       ANASTASIA K. MAZZELLA, ESQUIRE
24                     SERENA VARTAZARIAN, ESQUIRE
                       633 WEST FIFTH STREET
25                     SUITE 3200
                       LOS ANGELES, CALIFORNIA 90071
26                     213.217.5000

27

28     (APPEARANCES CONTINUED ON THE NEXT PAGE.)
```

Copy

```
 1    APPEARANCES CONTINUED REMOTELY VIA LACOURTCONNECT:

 2
      FOR THE INDIVIDUAL PLAINTIFFS:
 3
                          PARISI & HAVENS LLP
 4                        DAVID C. PARISI, ESQUIRE
                          100 PINE STREET
 5                        SUITE 1250
                          SAN FRANCISCO, CALIFORNIA 94111
 6                        818.990.1299

 7

 8    FOR RELATED CASES MACIAS AND MORSKI:

 9                        LAW OFFICES OF ALAN HIMMELFARB
                          ALAN HIMMELFARB, ESQUIRE
10                        80 WEST SIERRA MADRE BOULEVARD
                          SUITE 304
11                        SIERRA MADRE, CALIFORNIA 91024
                          626.325.3104
12

13    JONES NOMINAL CLASS COUNSEL:

14                        LAW OFFICES OF MICHAEL J. LIBMAN
                          MICHAEL J. LIBMAN, ESQUIRE
15                        18321 VENTURA BOULEVARD
                          SUITE 700
16                        TARZANA, CALIFORNIA 91356
                          818.995.7300
17

18    FOR THE RELATED CASES MACIAS:

19                        SCHEPER KIM & HARRIS LLP
                          DAVID PARADIS, ESQUIRE
20                        601 WEST 5TH STREET
                          12TH FLOOR
21                        LOS ANGELES, CALIFORNIA 90071
                          213.613.4689
22
      SPECIAL MASTER:
23                        EDWARD ROBBINS

24

25

26

27
      KERI LOGAN, CSR 12608
28    OFFICIAL PRO TEMPORE REPORTER
      JOB NUMBER:  159750
```

Case 2:21-cv-09455-FWS-MAA   Document 152-2   Filed 05/05/22   Page 10 of 56   Page ID
#:2840
ANTWON JONES VS CITY OF LOS ANGELES, BC577267
August 3, 2020
Copy

54

1          MR. KABATECK APPARENTLY THINKS THAT HE IS FOR

2   SOME REASON ABOVE THE LAW IN THIS CASE AND CAN DO WHATEVER

3   HE WANTS TO A MEMBER OF THE BAR THAT IS POINTING OUT HIS

4   ONGOING AND RESPECTED FRAUDULENT ACTS TO THE COURT.

5          NOW, AS TO OBVIOUSLY MY LEGITIMATE REASON WAS

6   TO SERVE HIM WITH A DEPOSITION SUBPOENA.  SIMPLE AS THAT.

7   HE SERVED ME WITH A DEPOSITION AT MY HOME.

8          ALL THE STATEMENTS AFTERWARDS IN AN EMAIL THAT

9   I MADE WERE SPECIFICALLY BECAUSE HE SENT AN AGENT DURING

10  THE INITIATION OF AN PANDEMIC WHERE EVERYONE WAS SCARED.

11  I HAVE A FAMILY.  I HAVE A WIFE, I HAVE TWO KIDS, AND HE

12  SERVED SOMEONE -- HE SENT SOMEONE TO MY HOUSE TO

13  PERSONALLY SERVE ME WITH DOCUMENTS THAT MAY POTENTIALLY BE

14  INFECTED WITHOUT ANY PROTECTIVE PERSONAL EQUIPMENT OR

15  ANYTHING ELSE KNOWING THAT THERE IS -- AT THAT TIME, THERE

16  WAS A GROWING CONCERN AND CAUSE FOR P.P.E. AND FOR

17  LOCKDOWNS WHICH EVENTUALLY HAPPENED IMMEDIATELY OR VERY

18  SHORTLY, IF I REMEMBER CORRECTLY, RIGHT AFTER HE SERVED OR

19  AROUND THAT TIME.  THEREFORE, I, WHEN I SERVED HIM, I

20  DAWNED A MASK, I HAD GLOVES ON AND I PUT THE SUBPOENAS,

21  THE LAWFUL SUBPOENAS, AS I AM AUTHORIZED TO ISSUE THEM,

22  OKAY, BY LAW AS AN ATTORNEY, I PUT THEM A PLASTIC

23  PROTECTIVE SHIELD COVER.  HE CHOSE TO STEP OUT, OUT OF HIS

24  GATE.

25          ALL RIGHT.  I WAS LAWFULLY THERE.  HE ADMITS

26  THAT I JUST SIMPLY CALLED HIM TO GO OUT.

27          WHAT HE IS COMPLAINING OUT IS THAT I HOLD HIS

28  WIFE -- HE'S VERY UPSET THAT I CALLED HIS WIFE BY HER

58

1    THE COURT:  LET ME ASK YOU THIS, MR. LIBMAN, WITH

2  REGARD TO THE STATEMENTS MADE BY MR. KABATECK, I ASKED HIM

3  ABOUT HE WOULD BE AGREEABLE TO ACCEPT SERVICE AT HIS

4  OFFICE OR BY MAIL.

5            DO YOU AGREE -- DO YOU HAVE ANYTHING FURTHER

6  TO SAY THAT YOU WILL ONLY SERVE HIM AT HIS OFFICE OR BY

7  EMAIL?

8        MR. LIBMAN:  WELL, YOUR HONOR, THE REASON I SERVED

9  HIM AT HIS HOME, YOUR HONOR, AGAIN, AS I STATED IN MY

10  OPPOSITION IS THAT THIS IS COVID.  HE IS IN A HIGH-RISE

11  BUILDING AND I -- YOU KNOW, THAT WAS OF THE PRIMARY REASON

12  THAT I WENT TO HIS HOUSE BECAUSE I KNOW WHERE IT IS AND

13  IT'S, YOU KNOW, I KNOW EVERYBODY IS WORKING REMOTELY AND

14  THAT'S WHAT I DID.  IT IS NOT A BASIS TO GRANT T.R.O. AND

15  THE FACT THAT HE IS ALSO AGREEING TO BE SERVED BY

16  ANYTHING, I HAVE NO ILL WILL FOR MR. KABATECK.  OKAY.  I

17  HAVE NOT THREATENED HIM OR HIS FAMILY OR ANYONE ELSE

18  PERSONALLY.  NEVER WOULD.  NOT IN MY NATURE.  NOT IN MY

19  CHARACTER AND NOT IN MY -- AND NOT WHAT I HAVE DONE.  IT

20  IS ALL AN EXAGGERATION OF AN OBVIOUSLY IRRATIONAL MIND

21  I.E. MR. KABATECK, OKAY, AND IT SHOULD BE OBVIOUS.

22            IN TERMS OF HIM AGREEING TO ACCEPT SERVICE, IS

23  HE AGREEING TO ACCEPT SERVICE OF ANYTHING, INCLUDING ANY

24  LAWSUITS I MAY HAVE AGAINST MR. KABATECK OR KABATECK LLP?

25        THE COURT:  I AM ASKING YOU, DO YOU AGREE -- IS

26  THERE ANY REASON TO SERVE HIM IN THE FUTURE THAT YOU WOULD

27  SERVE HIM ONLY AT HIS OFFICE OR BY EMAIL, WHETHER HE

28  AGREES TO ACCEPT SERVICE BY EMAIL?

ANTWON JONES VS CITY OF LOS ANGELES, BC577267
August 3, 2020
Copy

64

```
 1    NEED -- I NEED THE LINE OF SIGHT AND I NEED THINGS WITHIN
 2    LESS THAN -- I MEAN, LESS THAN 100 YARDS.
 3            THE COURT:  ALL RIGHT.
 4            MR. LIBMAN:  I HAVE MY REASONS THAT I CANNOT SHARE
 5    WITH THE COURT.
 6            THE COURT:  ANYTHING ELSE?
 7            MR. LIBMAN:  NO, YOUR HONOR.  THAT'S ALL.
 8            THE COURT:  ALL RIGHT.  THANK YOU.
 9               THE COURT IS GOING TO ISSUE A T.R.O.
10            MR. LIBMAN:  THANK YOU, YOUR HONOR.
11            THE COURT:  I WILL PROVIDE WRITTEN NOTICE TO
12    COUNSEL.
13               WE WILL BE IN RECESS.
14            MR. KABATECK:  THANK YOU, YOUR HONOR.
15            MR. LIBMAN:  THANK YOU, YOUR HONOR.
16
17            (REMOTE PROCEEDINGS WERE CONCLUDED.)
18                    *   *   *   *   *
19
20
21
22
23
24
25
26
27
28
```

Exhibit 2

1    BRIAN S. KABATECK (SBN 152054)
     bsk@kbklawyers.com
2    ANASTASIA K. MAZZELLA (SBN 245201)
     am@kbklawyers.com
3    SERENA VARTAZARIAN (SBN 303260)
     sv@kbklawyers.com
4    **KABATECK LLP**
     633 West Fifth Street, Suite 3200
5    Los Angeles, CA 90071
     Telephone:    (213) 217-5000
6    Facsimile:    (213) 217-5010
7    *Class Counsel on behalf of the Jones Class*

8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                     COUNTY OF LOS ANGELES

12

13   ANTWON JONES, on behalf of himself, and     Lead Case No.: BC577267 [Related to Case Nos.
     all others similarly situated,               BC536272, BC565618, BC568722, BC571664,
14                                                 BC594049, BC574690]

15              Plaintiff,

16        v.                                       AMENDED
                                                   [PROPOSED] REVISED RESTRAINING
17   CITY OF LOS ANGELES, by and through           ORDER
     the Los Angeles Department of Water and
18   Power; and DOES 1 through 50, inclusive,

19              Defendants.                         Dept.:      6
                                                   Judge:      Honorable Elihu M. Berle
20

21

22   AND RELATED CASES

23

24        ///

25        ///

26        ///

27

28

                                            1
                        [PROPOSED] REVISED RESTRAINING ORDER

1

## RESTRAINING ORDER

2      Sufficient reason having been shown that Brian S. Kabateck will suffer immediate and

3  continuing harm unless Attorney Michael J. Libman is immediately restrained, it is hereby:

4      ORDERED, that Michael J. Libman, his agents, assigns, partners, employees, and any

5  individual or entity acting in concert with Michael J. Libman is restrained and enjoined from any

6  actions to:

7      1.  Harass, attack, threaten, assault, stalk, destroy personal property, disturb the peace, or

8          block movements of Brian S. Kabateck, his wife Roxanne Hampton, and all Kabateck

9          LLP attorneys directly involved in the representation of the *Jones* class, including

10         Kabateck LLP partner Anastasia K. Mazzella, and Kabateck LLP associate Serena J.

11         Vartazarian; and,

12     2.  Come within 100 yards from Brian S. Kabateck, his wife Roxanne Hampton, their

13         private residence, and all Kabateck LLP attorneys directly involved in the

14         representation of the class, including Kabateck LLP partner Anastasia K. Mazzella, and

15         Kabateck LLP associate Serena J. Vartazarian, with the exception of any hearings

16         and/or matters requiring personal attendance in Department 6 of the Spring Street

17         Courthouse.

18         AUG 1 0 2020

19  Dated: _____

20                                      **ELIHU M. BERLE**

21                                      ELIHU M BERLE
                                        JUDGE OF THE SUPERIOR COURT
22

23

24

25

26

27

28

[PROPOSED] REVISED RESTRAINING ORDER

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

I am employed in the County of Los Angeles. I am over the age of eighteen years and not a party to the within entitled action; my business address is 633 West Fifth Street, Suite 3200, Los Angeles, CA 90071.

5

6

On August 13, 2020, I served a copy of the following document(s) described as **CLASS COUNSEL'S NOTICE OF RESTRAINING ORDER AGAINST MICHAEL J. LIBMAN** on the interested party(ies) in this action as follows:

7

8

[X]     **VIA FILE AND SERVE:**   I caused such documents described herein to be uploaded electronically onto the website www.fileandservexpress.com per a mutual agreement between the parties.  I uploaded the above entitled document(s) with the understanding that all parties will have access and be able to download said documents

9

10

11

[X]     **STATE:**      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

12

13

14

Executed on August 13, 2020, at Los Angeles, California.

15

16

_____
Amalia Najarro

17

18

19

20

21

22

23

24

25

26

27

28

2
**PROOF OF SERVICE**

Exhibit 3

1    BRIAN S. KABATECK (SBN 152054)
     bsk@kbklawyers.com
2    ANASTASIA K. MAZZELLA (SBN 245201)
     am@kbklawyers.com
3    SERENA VARTAZARIAN (SBN 303260)
     sv@kbklawyers.com
4    **KABATECK LLP**
     633 West Fifth Street, Suite 3200
5    Los Angeles, CA 90071
     Telephone:    (213) 217-5000
6    Facsimile:     (213) 217-5010
7    *Class Counsel on behalf of the Jones Class*

8

               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

                     **COUNTY OF LOS ANGELES**

10

| | |
|---|---|
| ANTWON JONES, on behalf of himself, and all others similarly situated, | Lead Case No.: BC577267 [Related to Case Nos. BC536272, BC565618, BC568722, BC571664, BC594049, BC574690] |
| Plaintiff, | |
| v. | **[~~PROPOSED~~] ORDER GRANTING CLASS COUNSEL'S MOTION FOR DISGORGEMENT OF ATTORNEYS' FEES AS TO MICHAEL J. LIBMAN AND/OR THE LAW OFFICES OF MICHAEL J. LIBMAN, APC AND JUDGMENT THEREON** |
| CITY OF LOS ANGELES, by and through the Los Angeles Department of Water and Power; and DOES 1 through 50, inclusive, | |
| Defendants. | |
| | Judge:     Honorable Elihu M. Berle |
| | Date:      March 4, 2021 |
| | Time:      1:30 p.m. |
| AND RELATED CASES | Dept.:     6 |

      WHEREAS Class Counsel's Motion for Disgorgement of Attorneys' Fees as to Michael Libman and/or the Law Offices of Michael J. Libman, APC (collectively hereinafter "Libman") came on regularly before the Court for hearing on March 4, 2021 at 1:30 p.m. The Court, having reviewed the moving, opposing, and reply papers and oral argument of counsel having been

1

---

[PROPOSED] ORDER GRANTING CLASS COUNSEL'S MOTION FOR DISGORGEMENT OF
ATTORNEYS' FEES AS TO MICHAEL J. LIBMAN AND/OR LAW OFFICES OF MICHAEL J. LIBMAN
AND JUDGMENT THEREON

received by the Court, and good cause appearing therefor, the Court issued a final ruling on the record which is incorporated by reference into this Order and Judgment. *See* Hearing Transcript of March 4, 2021, lodged with the Court. Based on the reasons set forth by the Court at the hearing, the Court issued an Order and Judgment as follows:

     **I.**     **IT IS HEREBY ORDERED** that Class Counsel's Motion for Disgorgement is **GRANTED**.

     **II.**     **IT IS FURTHER ORDERED** that Michael Libman and/or the Law Offices of Michael J. Libman, APC disgorge all attorneys' fees in the *Jones v. City of Los Angeles* (BC577267) case, amounting to $1,650,000.00, that were paid to Michael Libman and/or the Law Offices of Michael J. Libman, APC in the *Jones v. City of Los Angeles* (BC577267) case. The Court finds good cause for disgorging these attorneys' fees based on the factual showing made by Class Counsel establishing the following:

1. Class Representative Antwon Jones ("Mr. Jones") never retained Michael Libman as counsel, Michael Libman never obtained Mr. Jones' written consent to divide fees with former Class Counsel Jack Landskroner, and Michael Libman was never named on any retainer agreement. Michael Libman's receipt of fees without obtaining client consent is in direct violation of California Rules of Professional Conduct, Rule 1.5.1, and a non-disclosure that constitutes grounds for disgorgement;

2. Michael Libman failed to disclose to Mr. Jones the nature of his relationship with Paul Kiesel ("Kiesel") and Paul Paradis ("Paradis"), the City of Los Angeles' attorneys, which amount to a serious conflict of interest, in violation of California Rules of Professional Conduct, Rule 1.7;

3. Michael Libman violated his duty of candor to the Court, under California Rules of Professional Conduct, Rule 3.3, by intentionally misrepresenting substantial portions of his declaration, including statements that involved his credentials, his time devoted to the *Jones v. City of Los Angeles* case, the nature of the work he performed, and his paralegal's time;

2

4.  Michael Libman failed to disclose crucial information to the Court that would have affected the Court's consideration of the Final Approval and award of fees, such as (1) Libman should have but failed to disclose that he was selected to act as local counsel by Paradis and Kiesel, the City's attorneys; (2) Paradis and Kiesel, not Libman, prepared the Notice of Claim Letter and the *Jones* Complaint; and (3) Libman had a working relationship with Kiesel in 2014 and 2015; and,

5.  Libman made a knowing and willful decision to make false and misleading statements. Had disclosure occurred during the approval process, and had truthful statements been made, such would clearly have had a substantial impact on assessing whether the fees were reasonable or fair.

**III.**    **IT IS FURTHER ORDERED** that this Court retain jurisdiction over this matter involving Libman until the judgment of disgorgement has been fully paid.

**IV.**    **IT IS FURTHER ORDERED** that on the recovery of sums under the Judgment, the sums are to be deposited in a special escrow account held jointly by Class Counsel and counsel for the City of Los Angeles, until the Court orders the disposition of the funds.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that the Plaintiff Class and the City of Los Angeles are entitled to judgment against Michael Libman and the Law Offices of Michael J. Libman, APC and shall recover from Libman the sum of $1,650,000.00, with interest thereon at the rate of ten percent (10%) per annum from the date of the entry of this Judgment until paid, as authorized by Code of Civil Procedure section 685.010(a). This Judgment shall be immediately enforceable upon entry.

Dated: **March 24, 2021**

Hon. Elihu M. Berle
Judge of the Superior Court

3

[PROPOSED] ORDER GRANTING CLASS COUNSEL'S MOTION FOR DISGORGEMENT OF ATTORNEYS' FEES AS TO MICHAEL J. LIBMAN AND/OR LAW OFFICES OF MICHAEL J. LIBMAN AND JUDGMENT THEREON

I certify that this is a true and correct copy of the
original on file in this office consisting of ____ pages

SHERRI R. CARTER, Executive Officer / Clerk of the
Superior Court of California, County of Los Angeles

APR 2 7 2021
Date: _____ _____, Deputy

MANUEL GINES

Exhibit 4

**MICHAEL J. LIBMAN (SBN 222353)**
**LAW OFFICES OF MICHAEL J. LIBMAN, APC**
18321 Ventura Boulevard, Suite 700
Tarzana, California 91356
Telephone: (818) 995-7300
Facsimile: (866) 644-6764
mjl@libmanlaw.com

Plaintiff In Pro Per and Counsel for Plaintiffs, Law Offices of Michael J. Libman, APC, Barbara Libman And Minors "A" and "B"

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MICHAEL J. LIBMAN an individual, LAW OFFICES OF MICHAEL J. LIBMAN, APC, A California Professional Corporation; BARBARA LIBMAN, on behalf of the class of US Citizens and Residents; MINOR "A" by and through the minor's parents MICHAEL J. LIBMAN AND BARBARA LIBMAN; MINOR "B" by and through the Minor's parents MICHAEL J. LIBMAN and BARBARA LIBMAN<br><br>                    Plaintiffs,<br><br>          vs.<br><br><br>UNITED STATES OF AMERICA, National Government; MELISSA J. MILLS, ESQ (USACAC), in her individual capacity; FBI SPECIAL AGENT ANDREW CIVETTI, in his individual capacity; FBI SPECIAL AGENT JULIENNE MAYFIELD, in her individual capacity; FBI SPECIAL AGENT JOHN DOE, in his individual capacity; FBI SPECIAL AGENT JIM DOE, in his individual capacity; FBI SPECIAL AGENT THOMAS RUSCITTI, in his individual capacity; BRIAN S. KABATECK, ESQ, in his individual capacity and as an actor under color of | **CASE NUMBER: 2:21-CV-09455-FMO(MAAX)**<br><br><br>**NOTICE OF DEPOSITION OF DEFENDANT BRIAN S. KABATECK. ESQ. AND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Honorable Fernando M. Olguin<br>Courtroom: 6D<br><br><br><br>**Date:   April 19, 2022**<br>**Time:  8:30 a.m.**<br>**Place:  Law Offices of Michael J. Libman, APC; 18321 Ventura Boulevard, Suite 700, Tarzana, California 91356** |

**1**

state law; KABATECK, LLP, entity
of unknown form as state actor under color
of law; ANASTASIA MAZZELLA, in her
individual capacity, as a partner of
KABATECK, and state actor under color
of state law; MICHAEL FEUER, in his
individual capacity; JUDGE ELIHU M.
BERLE, in his individual capacity; CITY
OF LOS ANGELES, a municipal entity;
MARIBETH ANNAGUEY, ESQ.,
individually; ERIC M. GEORGE,
individually; ERIC KINGSLEY, an
individual; KINGSLEY AND
KINGSLEY, entity form unknown;
NICOLA HANNA, in his individual
capacity; MACK ERIC JENKINS, ESQ.,
in his individual capacity; and DOES 3 to
10 inclusive,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Defendants.

)
)
)

**TO ALL PARTIES AND COUNSEL:**

**PLEASE TAKE NOTICE** that pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedure, Plaintiffs MICHAEL J. LIBMAN an individual, LAW OFFICES OF MICHAEL J. LIBMAN, APC, A California Professional Corporation; BARBARA LIBMAN, on behalf of the class of US Citizens and Residents; MINOR "A" by and through the minor's parents MICHAEL J. LIBMAN AND BARBARA LIBMAN; MINOR "B" by and through the Minor's parents MICHAEL J. LIBMAN and BARBARA LIBMAN, residents of the State of California, will take the deposition of Defendant **BRIAN S. KABATECK, ESQ.,** who resides in the State of California,  on **April 19, 2022 at 8:30 a.m. at Law Offices of Michael J. Libman, APC located at 18321 Ventura Boulevard, Suite 700, Tarzana, California 91356**. If the deposition is not completed the same day, it will be continued from day to day, excluding Sundays and holidays, until completed.

**PLEASE TAKE FURTHER NOTICE** that the deposition will be taken before a notary public or other person authorized to administer oaths under applicable law, and will be conducted pursuant to Federal Rule of Civil Procedure 30. Pursuant to Rule 30(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs reserve the right to record the deposition testimony by videotape and instant visual display. Plaintiffs reserve the right to use the videotape deposition at the time of trial.

Respectfully Submitted

Dated: March 15, 2022        **LAW OFFICE OF MICHAEL J. LIBMAN, APC.**

                    *Michael J. Libman* [E-Signature]
By:_____.
                    MICHAEL J. LIBMAN
                    Attorney for Plaintiffs

NOTICE OF DEPOSITION OF DEFENDANT BRIAN S. KABATECK. ESQ. AND REQUEST FOR PRODUCTION OF
DOCUMENTS

**ATTACHMENT A**

**I.  DEFINITIONS**

The following Definitions apply to each of the following Requests and shall be deemed incorporated therein.

A.      As used herein, the term **"DOCUMENT"** means any kind of text, SMS, electronic messaging, written, graphic or recorded matter, however produced or reproduced, of any kind or description, whether sent, received or neither, including drafts, originals, non-identical copies and information stored magnetically, electronically, photographically or otherwise, and including but not limited to, studies, papers, books, accounts, letters, diagrams, pictures, drawings, photographs, correspondence, telegrams, cables, text messages, emails, memoranda, notes, notations, work papers, intra-office and inter-office communications, communications to, between and among employees, transcripts, minutes, orders, reports, recordings or other documentation of telephone or other conversations, interviews, committee meetings, departmental meetings, company meetings or other meetings, affidavits, slides, statements, summaries, opinions, indices, analyses, publications, questionnaires, answers to questionnaires, statistical records, ledgers, journals, lists, logs, tabulations, charts, graphs, maps, surveys, sound recordings, data sheets, computer printouts, tapes, discs, microfilm, all other records kept by YOU, and thing similar to any of the foregoing, regardless of the title, author or origin.

B.      The terms **"YOU", "YOUR" and "RESPONDING PARTY"** as used herein shall mean and include Defendant **Brian S. Kabateck, Esq**. and any and all PERSONS acting or purporting to act on YOUR behalf including, but not limited to, YOUR investigators, experts,

employees, agents, officers, directors, partners, managers, members and shareholders.

   D.     The term **"PERSON"** includes a natural person, firm, association, organization,

partnership, business, trust, corporation, or public entity.

   E.     The term **"PLAINTIFFS**" refers to **MICHAEL J. LIBMAN an individual,**

**LAW OFFICES OF MICHAEL J. LIBMAN, APC, A California Professional Corporation;**

**BARBARA LIBMAN, on behalf of the class of US Citizens and Residents; MINOR "A" by**

**and through the minor's parents MICHAEL J. LIBMAN AND BARBARA LIBMAN;**

**MINOR "B" by and through the Minor's parents MICHAEL J. LIBMAN and BARBARA**

**LIBMAN.**

   <u>**INSTRUCTIONS**</u>

   A.     Please produce and permit the inspection and copying of the DOCUMENTS

described below which are in YOUR possession, custody, or control, or in the possession,

custody, or control of YOUR attorneys, consultants, agents, or representatives.

   B.     In producing the DOCUMENTS demanded, YOU shall segregate those

documents by each request set forth herein.

   C.      For any claim that a DOCUMENT YOU are required to produce in response to

any of these demands is privileged YOU will:

         1. Identify its title and general subject matter;

         2. State its date;

   The following is the designation of the documents to be produced for inspection as

aforesaid:

**II. <u>DOCUMENTS TO BE PRODUCED</u>**

   1.  Please produce all DOCUMENTS evidencing or tending to evidence any and all text

       messages between YOU and defendant Judge Elihu M. Berle regarding the matters of

*Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

2. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and defendant Judge Elihu M. Berle regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

3. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and defendant Michael Feuer regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

4. Please produce all DOCUMENTS, not privileged, between YOU and defendant City of Los Angeles regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

5. Please produce all DOCUMENTS evidencing or tending to evidence any and all text messages, between YOU and defendant Eric Kingsley regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

6. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and defendant Eric Kingsley regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

7. YOUR driver's license and YOUR California identification card.

8. YOUR entire unredacted file in the *Antwan Jones v. City of Los Angeles, Case #: BC577267; City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

9. Please produce all DOCUMENTS evidencing or tending to evidence any and all text messages, between YOU and Special master Edward M. Robbins regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los*

*Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

10. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and Special master Edward M. Robbins regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

11. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and anyone from Hochman, Salkin, Toscher, Perez, P.C. regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

12. Please produce all DOCUMENTS evidencing or tending to evidence any and all text messages between YOU and defendant Maribeth Annaguey regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

13. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and defendant Maribeth Annaguey regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

14. Please produce all DOCUMENTS evidencing or tending to evidence any and all text messages between YOU and Katherine McCann regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

15. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and Katherine McCann regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

16. Please produce all DOCUMENTS evidencing or tending to evidence any and all text messages between YOU and defendant Eric George regarding the matters of *Antwan*

*Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

17. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and defendant Eric George regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

18. Please produce all DOCUMENTS evidencing or tending to evidence any and all text messages between YOU and defendant Melissa J. Mills, Esq. (USACAC) regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

19. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and defendant Melissa J. Mills, Esq. (USACAC) regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

20. Please produce all DOCUMENTS evidencing or tending to evidence any and all text messages between YOU and defendant Melissa J. Mills, Esq. (USACAC) regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

21. Please produce all DOCUMENTS evidencing or tending to evidence any and all communication with any person at Department of Justice regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

22. Please produce all DOCUMENTS evidencing or tending to evidence any and all communication with any person at United States Attorney's Office regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los*

*Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

23. Please produce all DOCUMENTS evidencing or tending to evidence any and all text messages, between YOU and Daniel J. Thomasch, Esq. regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

24. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and Daniel J. Thomasch, Esq. from Gibson Dunn & Crutcher, LLP regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.


Respectfully Submitted

Dated: March 15, 2022          **LAW OFFICE OF MICHAEL J. LIBMAN, APC.**

*Michael J. Libman* [E-Signature]

By:_____.

MICHAEL J. LIBMAN
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and am not a party to this action; my business address is 18321 Ventura Boulevard, Suite 700, Tarzana, California 91356.  On March 15, 2022, I caused to be served the following document(s) described as:  **NOTICE OF DEPOSITION OF DEFENDANT BRIAN S. KABATECK. ESQ. AND REQUEST FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action By US Mail and Email.

Brian S. Kabateck, Esq.
Anastasia Mazzella, Esq.
**Kabateck, LLP**
633 W. 5th Street, Ste. 3200
Los Angeles, Ca 90074
Tel: (213) 217-5007
Fax: (213) 217-5010
Emails: am@kbklawyers.com; bsk@kbklawyers.com

*Attorneys for Defendants Brian S. Kabateck, Kabateck, LLP, Anastasia Mazzella*

Robert B. Owens, Esq.
rowens@ogrlaw.com
Linda Gach Ray, Esq.
lgachray@ogrlaw.com
**OWENS & GACH RAY**
269 South Beverly Drive, #1074
Beverly Hills, CA 90212
Ph: (310) 553-6611
Fax: (310) 553-2179

*Attorneys for Defendant Maribeth Annaguey*

SARAH L. OVERTON
**CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
(951) 276-4420
(951) 276-4405 facsimile
soverton@cmda-law.com

*Attorneys for Defendant the Honorable Elihu M. Berle, Judge of the Superior Court of California, County of Los Angeles*

Kathleen A. Kenealy
Chief Deputy City Attorney
kathleen.kenealy@lacity.org
Joseph A. Brajevich
General Counsel, Department of Water and Power
joseph.brajevich@ladwp.com
**LOS ANGELES CITY ATTORNEY'S OFFICE**
221 N. Figueroa Street, Suite 1000
Los Angeles, California 90012


**ELLIS GEORGE CIPOLLONE O'BRIEN ANNAGUEY LLP**
Guy C. Nicholson
gnicholson@egcfirm.com
Kathryn L. McCann
kmccann@egcfirm.com
Jason Y. Kelly
jkelly@egcfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

*Attorneys for Defendants City of Los Angeles and Michael Feuer*

**ELLIS GEORGE CIPOLLONE O'BRIEN ANNAGUEY LLP**
Guy C. Nicholson
gnicholson@egcfirm.com
Kathryn L. McCann
kmccann@egcfirm.com
Jason Y. Kelly
jkelly@egcfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

*Attorneys for Defendant Eric M. George*

**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq.,
eric@kingsleykingsley.com
LIANE KATZENSTEIN LY, Esq.,
liane@kingsleykingsley.com
ARI J. STILLER, Esq.,
ari@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436

Telephone: (818) 990-8300
Fax: (818) 990-2903

*Attorneys for Defendants Kingsley & Kingsley APC and Eric Kingsley*

*Dated: 03/15/2022*                    s/ Zhanna Sanamyan
                                       Zhanna Sanamyan

Exhibit 5

**MICHAEL J. LIBMAN (SBN 222353)**
**LAW OFFICES OF MICHAEL J. LIBMAN, APC**
18321 Ventura Boulevard, Suite 700
Tarzana, California 91356
Telephone: (818) 995-7300
Facsimile: (866) 644-6764
mjl@libmanlaw.com

Plaintiff In Pro Per and Counsel for Plaintiffs, Law Offices of Michael J. Libman, APC, Barbara Libman And Minors "A" and "B"

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MICHAEL J. LIBMAN an individual, LAW OFFICES OF MICHAEL J. LIBMAN, APC, A California Professional Corporation; BARBARA LIBMAN, on behalf of the class of US Citizens and Residents; MINOR "A" by and through the minor's parents MICHAEL J. LIBMAN AND BARBARA LIBMAN; MINOR "B" by and through the Minor's parents MICHAEL J. LIBMAN and BARBARA LIBMAN<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, National Government; MELISSA J. MILLS, ESQ (USACAC), in her individual capacity; FBI SPECIAL AGENT ANDREW CIVETTI, in his individual capacity; FBI SPECIAL AGENT JULIENNE MAYFIELD, in her individual capacity; FBI SPECIAL AGENT JOHN DOE, in his individual capacity; FBI SPECIAL AGENT JIM DOE, in his individual capacity; FBI SPECIAL AGENT THOMAS RUSCITTI, in his individual capacity; BRIAN S. KABATECK, ESQ, in his individual capacity and as an actor under color of | CASE NUMBER: 2:21-CV-09455-FMO(MAAX)<br><br><br>**NOTICE OF DEPOSITION OF DEFENDANT ANASTASIA M. MAZZELLA, ESQ. AND REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Honorable Fernando M. Olguin<br>Courtroom: 6D<br><br><br>**Date:  April 20, 2022**<br>**Time:  8:30 a.m.**<br>**Place:  Law Offices of Michael J. Libman, APC; 18321 Ventura Boulevard, Suite 700, Tarzana, California 91356** |

**1**

state law; KABATECK, LLP, entity )
of unknown form as state actor under color )
of law; ANASTASIA MAZZELLA, in her )
individual capacity, as a partner of )
KABATECK, and state actor under color )
of state law; MICHAEL FEUER, in his )
individual capacity; JUDGE ELIHU M. )
BERLE, in his individual capacity; CITY )
OF LOS ANGELES, a municipal entity; )
MARIBETH ANNAGUEY, ESQ., )
individually; ERIC M. GEORGE, )
individually; ERIC KINGSLEY, an )
individual; KINGSLEY AND )
KINGSLEY, entity form unknown; )
NICOLA HANNA, in his individual )
capacity; MACK ERIC JENKINS, ESQ., )
in his individual capacity; and DOES 3 to )
10 inclusive, )
)
_____ )
                          Defendants.

**TO ALL PARTIES AND COUNSEL:**

   **PLEASE TAKE NOTICE** that pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedure, Plaintiffs MICHAEL J. LIBMAN an individual, LAW OFFICES OF MICHAEL J. LIBMAN, APC, A California Professional Corporation; BARBARA LIBMAN, on behalf of the class of US Citizens and Residents; MINOR "A" by and through the minor's parents MICHAEL J. LIBMAN AND BARBARA LIBMAN; MINOR "B" by and through the Minor's parents MICHAEL J. LIBMAN and BARBARA LIBMAN, residents of the State of California, will take the deposition of Defendant **ANASTASIA M. MAZZELLA, ESQ.** who resides in the State of California,  on **April 20, 2022 at 8:30 a.m. at Law Offices of Michael J. Libman, APC located at 18321 Ventura Boulevard, Suite 700, Tarzana, California 91356**. If the deposition is not completed the same day, it will be continued from day to day, excluding Sundays and holidays, until completed.

NOTICE OF DEPOSITION OF DEFENDANT ANASTASIA M. MAZZELLA. ESQ. AND REQUEST FOR PRODUCTION OF DOCUMENTS

**PLEASE TAKE FURTHER NOTICE** that the deposition will be taken before a notary public or other person authorized to administer oaths under applicable law, and will be conducted pursuant to Federal Rule of Civil Procedure 30. Pursuant to Rule 30(b)(3) of the Federal Rules of Civil Procedure, Plaintiffs reserve the right to record the deposition testimony by videotape and instant visual display. Plaintiffs reserve the right to use the videotape deposition at the time of trial.

Respectfully Submitted

Dated: March 15, 2022          **LAW OFFICE OF MICHAEL J. LIBMAN, APC.**

*Michael J. Libman* [E-Signature]

By:_____.

                    MICHAEL J. LIBMAN
                    Attorney for Plaintiffs

**ATTACHMENT A**

## I. DEFINITIONS

The following Definitions apply to each of the following Requests and shall be deemed incorporated therein.

A.      As used herein, the term **"DOCUMENT"** means any kind of text, SMS, electronic messaging, written, graphic or recorded matter, however produced or reproduced, of any kind or description, whether sent, received or neither, including drafts, originals, non-identical copies and information stored magnetically, electronically, photographically or otherwise, and including but not limited to, studies, papers, books, accounts, letters, diagrams, pictures, drawings, photographs, correspondence, telegrams, cables, text messages, emails, memoranda, notes, notations, work papers, intra-office and inter-office communications, communications to, between and among employees, transcripts, minutes, orders, reports, recordings or other documentation of telephone or other conversations, interviews, committee meetings, departmental meetings, company meetings or other meetings, affidavits, slides, statements, summaries, opinions, indices, analyses, publications, questionnaires, answers to questionnaires, statistical records, ledgers, journals, lists, logs, tabulations, charts, graphs, maps, surveys, sound recordings, data sheets, computer printouts, tapes, discs, microfilm, all other records kept by YOU, and thing similar to any of the foregoing, regardless of the title, author or origin.

B.      The terms **"YOU", "YOUR" and "RESPONDING PARTY"** as used herein shall mean and include Defendant **Anastasia M. Mazzella, Esq.** and any and all PERSONS acting or purporting to act on YOUR behalf including, but not limited to, YOUR investigators,

experts, employees, agents, officers, directors, partners, managers, members and shareholders.

D.    The term **"PERSON"** includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

E.    The term **"PLAINTIFFS**" refers to **MICHAEL J. LIBMAN an individual, LAW OFFICES OF MICHAEL J. LIBMAN, APC, A California Professional Corporation; BARBARA LIBMAN, on behalf of the class of US Citizens and Residents; MINOR "A" by and through the minor's parents MICHAEL J. LIBMAN AND BARBARA LIBMAN; MINOR "B" by and through the Minor's parents MICHAEL J. LIBMAN and BARBARA LIBMAN.**

## INSTRUCTIONS

A.    Please produce and permit the inspection and copying of the DOCUMENTS described below which are in YOUR possession, custody, or control, or in the possession, custody, or control of YOUR attorneys, consultants, agents, or representatives.

B.    In producing the DOCUMENTS demanded, YOU shall segregate those documents by each request set forth herein.

C.     For any claim that a DOCUMENT YOU are required to produce in response to any of these demands is privileged YOU will:

        1. Identify its title and general subject matter;

        2. State its date;

The following is the designation of the documents to be produced for inspection as aforesaid:

## II. DOCUMENTS TO BE PRODUCED

1.   Please produce all DOCUMENTS evidencing or tending to evidence any and all text messages between YOU and defendant Judge Elihu M. Berle regarding the matters of

*Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

2. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and defendant Judge Elihu M. Berle regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

3. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and defendant Michael Feuer regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

4. Please produce all DOCUMENTS, not privileged, between YOU and defendant City of Los Angeles regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

5. Please produce all DOCUMENTS evidencing or tending to evidence any and all text messages, between YOU and defendant Eric Kingsley regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

6. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and defendant Eric Kingsley regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

7. YOUR driver's license and YOUR California identification card.

8. YOUR entire unredacted file in the *Antwan Jones v. City of Los Angeles, Case #: BC577267; City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

9. Please produce all DOCUMENTS evidencing or tending to evidence any and all text messages, between YOU and Special master Edward M. Robbins regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los*

*Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

10. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and Special master Edward M. Robbins regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

11. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and anyone from Hochman, Salkin, Toscher, Perez, P.C. regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

12. Please produce all DOCUMENTS evidencing or tending to evidence any and all text messages between YOU and defendant Maribeth Annaguey regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

13. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and defendant Maribeth Annaguey regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

14. Please produce all DOCUMENTS evidencing or tending to evidence any and all text messages between YOU and Katherine McCann regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

15. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and Katherine McCann regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

16. Please produce all DOCUMENTS evidencing or tending to evidence any and all text messages between YOU and defendant Eric George regarding the matters of *Antwan*

7

*Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

17. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and defendant Eric George regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

18. Please produce all DOCUMENTS evidencing or tending to evidence any and all text messages between YOU and defendant Melissa J. Mills, Esq. (USACAC) regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

19. Please produce all DOCUMENTS evidencing or tending to evidence any and all emails between YOU and defendant Melissa J. Mills, Esq. (USACAC) regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

20. Please produce all DOCUMENTS evidencing or tending to evidence any and all text messages between YOU and defendant Melissa J. Mills, Esq. (USACAC) regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019  until present.

21. Please produce all DOCUMENTS evidencing or tending to evidence any and all communication with any person at Department of Justice regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until present.

22. Please produce all DOCUMENTS evidencing or tending to evidence any and all communication with any person at United States Attorney's Office regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #: BC577267; *City of Los*

*Angeles v. PWC;* Case #: BC574690 for the period between January 30, 2019 until
present.

23. Please produce all DOCUMENTS evidencing or tending to evidence any and all text
messages, between YOU and Daniel J. Thomasch, Esq. from Gibson Dunn &
Crutcher, LLP regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #:
BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between
January 30, 2019 until present.

24. Please produce all DOCUMENTS evidencing or tending to evidence any and all
emails between YOU and Daniel J. Thomasch, Esq. from Gibson Dunn & Crutcher,
LLP regarding the matters of *Antwan Jones v. City of Los Angeles*, Case #:
BC577267; *City of Los Angeles v. PWC;* Case #: BC574690 for the period between
January 30, 2019 until present.


Respectfully Submitted

Dated: March 15, 2022          **LAW OFFICE OF MICHAEL J. LIBMAN, APC.**

                                         *Michael J. Libman* [E-Signature]
                               By:_____.
                                         MICHAEL J. LIBMAN
                                         Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and am not a party to this action; my business address is 18321 Ventura Boulevard, Suite 700, Tarzana, California 91356.  On March 15, 2022, I caused to be served the following document(s) described as:   **NOTICE OF DEPOSITION OF DEFENDANT ANASTASIA M. MAZZELLA, ESQ AND REQUEST FOR PRODUCTION OF DOCUMENTS** on the interested parties in this action By US Mail and Email.

Brian S. Kabateck, Esq.
Anastasia Mazzella, Esq.
**Kabateck, LLP**
633 W. 5th Street, Ste. 3200
Los Angeles, Ca 90074
Tel: (213) 217-5007
Fax: (213) 217-5010
Emails: am@kbklawyers.com; bsk@kbklawyers.com

*Attorneys for Defendants Brian S. Kabateck, Kabateck, LLP, Anastasia Mazzella*

Robert B. Owens, Esq.
rowens@ogrlaw.com
Linda Gach Ray, Esq.
lgachray@ogrlaw.com
**OWENS & GACH RAY**
269 South Beverly Drive, #1074
Beverly Hills, CA 90212
Ph: (310) 553-6611
Fax: (310) 553-2179

*Attorneys for Defendant Maribeth Annaguey*

SARAH L. OVERTON
**CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
(951) 276-4420
(951) 276-4405 facsimile
soverton@cmda-law.com

*Attorneys for Defendant the Honorable Elihu M. Berle, Judge of the Superior Court of California, County of Los Angeles*

Kathleen A. Kenealy
Chief Deputy City Attorney
kathleen.kenealy@lacity.org
Joseph A. Brajevich
General Counsel, Department of Water and Power
joseph.brajevich@ladwp.com
**LOS ANGELES CITY ATTORNEY'S OFFICE**
221 N. Figueroa Street, Suite 1000
Los Angeles, California 90012


**ELLIS GEORGE CIPOLLONE O'BRIEN ANNAGUEY LLP**
Guy C. Nicholson
gnicholson@egcfirm.com
Kathryn L. McCann
kmccann@egcfirm.com
Jason Y. Kelly
jkelly@egcfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

*Attorneys for Defendants City of Los Angeles and Michael Feuer*


**ELLIS GEORGE CIPOLLONE O'BRIEN ANNAGUEY LLP**
Guy C. Nicholson
gnicholson@egcfirm.com
Kathryn L. McCann
kmccann@egcfirm.com
Jason Y. Kelly
jkelly@egcfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

*Attorneys for Defendant Eric M. George*


**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq.,
eric@kingsleykingsley.com
LIANE KATZENSTEIN LY, Esq.,
liane@kingsleykingsley.com
ARI J. STILLER, Esq.,
ari@kingsleykingsley.com

11

16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

*Attorneys for Defendants Kingsley & Kingsley APC and Eric Kingsley*

*Dated: 03/15/2022*                                    s/ Zhanna Sanamyan
                                                          Zhanna Sanamyan

Exhibit 6

**Hugo Flores**

**From:** Kirk D. Dillman <KDillman@McKoolSmithHennigan.com>
**Sent:** Tuesday, April 5, 2022 11:04 AM
**To:** Michael J. Libman
**Subject:** Libman v. United States of America, et al.

Mr. Libman

I wanted to introduce myself.  I am in the process of associating in as counsel in this matter on behalf of Brian Kabateck, Anastasia Mazzella and Kabateck, LLP.  I understand you have noticed depositions of Brian and Anastasia for April 19 and 20.

I am unable to make those dates.  I will be out of the state attending to my mother's funeral and related family matters from April 12 through 19, perhaps longer depending on whether I am able to accomplish everything in a week.  I will need time thereafter to get up to speed in this case, which appears far-ranging to say the least, in order to be in a position to meet the upcoming Rule 26(f) deadlines.  My suggestion is that we continue the depositions to dates workable on all calendars after the May 26 Scheduling Conference.

The case is not yet at issue and the Court has not yet set any discovery, trial or related dates; so it doesn't appear that there is any immediate urgency in taking these depositions.   I appreciate your professional courtesy and can assure you that the same will be extended by me.


Best,

**Kirk D. Dillman** | Principal | McKool Smith Hennigan
KDillman@MckoolSmithHennigan.com
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
213.694.1101 (direct)
213.675.0031 (cell)

Exhibit 7

## Hugo Flores

| | |
|---|---|
| **From:** | mjl@libmanlaw.com |
| **Sent:** | Wednesday, April 20, 2022 6:53 PM |
| **To:** | Kirk D. Dillman; 'Robert B. Owens'; 'Kathryn L. McCann'; 'Matthew J. Smocks'; Anastasia Mazzella; 'Ariel J Stiller-Shulman'; Amalia Najarro; 'Eric Kingsley'; 'Gay C. Nicholson'; 'Jason Yuegin Kelly'; 'Kathryn Louise McCann'; 'Liane Katzenstein Ly'; 'Linda Gach Ray'; 'Lindsay Frazier-Krane'; 'Matthew J. Smocks'; 'Robert B. Owens'; 'Sarah Overton'; 'Shirley E Shepard'; 'Zhanna Sanamyan' |
| **Subject:** | RE: Libman v USA et all-Ex Parte to Extend Time Meet and Confer |
| **Importance:** | High |

Mr. Dillman,

Your proposal is unreasonable and therefore unacceptable. Also, the depositions are court-ordered now and your grounds are unavailing for a continuance. In fact, it is self-evident that the sooner Plaintiffs take and complete these depositions, the better it is for the case proceeding efficiently.

Very truly yours,



Michael J. Libman, Esq.
LAW OFFICES OF MICHAEL J. LIBMAN, APC
18321 Ventura Boulevard, Suite 700
Tarzana, California 91356
Tel:    818-995-7300 Ext. 104
E-Fax:  866-644-6764
mjl@libmanlaw.com
www.mrlalaw.com



**CONFIDENTIALITY NOTICE:** This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged and may be protected by the *Electronic Communications Privacy Act, 18 USC §§2510-2521*. It is intended solely for the recipient addressee listed above and may not be forwarded or sent to any other recipient in any form. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please immediately advise by reply e-mail to mjl@libmanlaw.com or by calling (818) 995-7300 and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

**From:** Kirk D. Dillman <KDillman@McKoolSmithHennigan.com>
**Sent:** Monday, April 18, 2022 5:30 PM
**To:** mjl@libmanlaw.com; Robert B. Owens <rowens@ogrlaw.com>; 'Kathryn L. McCann' <kmccann@bgrfirm.com>; Matthew J. Smocks <matthew.smock@usdoj.gov>; Anastasia Kinney Mazzella <am@kbklawyers.com>; Ariel J Stiller-Shulman <ari@kingsleykingsley.com>; Brian S Kabateck <an@kbklawyers.com>; Eric Kingsley <mtanzer@kingsleykingsley.com>; Gay C. Nicholson <aaugustine@egcfirm.com>; Jason Yuegin Kelly <jkelly@egcfirm.com>; Kathryn Louise McCann <mramirez@egcfirm.com>; Liane Katzenstein Ly <liane@kingsleykingsley.com>; Linda Gach Ray <lgachray@ogrlaw.com>; Lindsay Frazier-Krane <capacible@cmda-

law.com>; Matthew J. Smocks <caseview.ecf@usdoj.gov>; Robert B. Owens <cchu@ogrlaw.com>; Sarah Overton <soverton@cmda-law.com>; Shirley E Shepard <shepards@libmanlaw.com>; Zhanna Sanamyan <zhanas@libmanlaw.com>
**Subject:** RE: Libman v USA et all-Ex Parte to Extend Time Meet and Confer

Mr. Libman

As you know, Magistrate Judge Audero recently and expressly continued the depositions of Brian Kabateck and Anastasia Mazzella until after the May 26 Scheduling Conference.  We do not object to your request to continue the Scheduling Conference until mid-July if we can agree to similarly continue these depositions to a date shortly after the re-scheduled Conference.  Such a reciprocal extension is consistent not only with Magistrate Judge Audero's Order but also with your need to continue other scheduled deadlines in this case because of the press of trial in another matter.  Please let us know if that is acceptable.

Best,

Kirk Dillman

---

**From:** mjl@libmanlaw.com <mjl@libmanlaw.com>
**Sent:** Monday, April 18, 2022 12:52 PM
**To:** Robert B. Owens <rowens@ogrlaw.com>; Kirk D. Dillman <KDillman@McKoolSmithHennigan.com>; 'Kathryn L. McCann' <kmccann@bgrfirm.com>; Matthew J. Smocks <matthew.smock@usdoj.gov>; Anastasia Kinney Mazzella <am@kbklawyers.com>; Ariel J Stiller-Shulman <ari@kingsleykingsley.com>; Brian S Kabateck <an@kbklawyers.com>; Eric Kingsley <mtanzer@kingsleykingsley.com>; Gay C. Nicholson <aaugustine@egcfirm.com>; Jason Yuegin Kelly <jkelly@egcfirm.com>; Kathryn Louise McCann <mramirez@egcfirm.com>; Liane Katzenstein Ly <liane@kingsleykingsley.com>; Linda Gach Ray <lgachray@ogrlaw.com>; Lindsay Frazier-Krane <capacible@cmda-law.com>; Matthew J. Smocks <caseview.ecf@usdoj.gov>; Michael J. Libman <mjl@libmanlaw.com>; Robert B. Owens <cchu@ogrlaw.com>; Sarah Overton <soverton@cmda-law.com>; Shirley E Shepard <shepards@libmanlaw.com>; Zhanna Sanamyan <zhanas@libmanlaw.com>
**Subject:** Libman v USA et all-Ex Parte to Extend Time-- Meet and Confer
**Importance:** High

Dear All,

This email is in an attempt to meet and confer regarding plaintiff's counsel and Plaintiffs' intent to file an ex-parte application for an extension of time to file opposition to USA's motion to dismiss that was filed today and to continue the Rule 26 conference.

Plaintiff's opposition to USA's motion is due on 4/28/22.  Plaintiffs oppositions to Kabateck's, Kingsley's, Eric Georges, and Ms. Annaguey's motions to dismiss is due on 4/21/22, I am preparing for a specially set jury trial set for May 2, 2022 that is expected to last 3-4 weeks and expert depositions for all sides in that case are still ongoing and will be at least until 4/28/22.  I will not be able to file the Opposition to the USA motion and prepare timely for the Rule 26 conference given my current commitments and obligations.  Also, based on the repeated service of process on the individual USA defendants, per the court's order, their response will not be due until June 20, 2022. In light of all this,  I will be filing an ex parte application to extend Plaintiffs' time to oppose USA's motion and continue the Rule 26 conference until mid-July 2022.  Parties will have 24 hours to oppose the application from the time it is filed and served. Please let me know if you intend to oppose any part of plaintiffs' application.  Thanks in advance for prompt attention and response.

Very truly yours,

*Michael J. Libman*

Michael J. Libman, Esq.
LAW OFFICES OF MICHAEL J. LIBMAN, APC
18321 Ventura Boulevard, Suite 700
Tarzana, California 91356
Tel:    818-995-7300 Ext. 104
E-Fax:  866-644-6764
mjl@libmanlaw.com
www.mrlalaw.com

 

**CONFIDENTIALITY NOTICE:** This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged and may be protected by the *Electronic Communications Privacy Act, 18 USC §§2510-2521.*  It is intended solely for the recipient addressee listed above and may not be forwarded or sent to any other recipient in any form.  If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is prohibited. If you have received this transmission in error, please immediately advise by reply e-mail to mjl@libmanlaw.com or by calling (818) 995-7300 and destroy the original transmission and its attachments without reading or saving in any manner. Thank you.

Exhibit 8

## Hugo Flores

| | |
|---|---|
| **From:** | Kirk D. Dillman <KDillman@McKoolSmithHennigan.com> |
| **Sent:** | Thursday, April 28, 2022 1:32 PM |
| **To:** | mjl@libmanlaw.com |
| **Cc:** | Anastasia Mazzella; Brian Kabateck; Lindsay Frazier-Krane; Matthew (USACAC; Sarah L. Overton; Liane Katzenstein Ly; Linda Gach Ray; Jason Kelly; Guy C. Nicholson; Eric Kingsley; Jacob A. (CIV; Ari Stiller; Kathryn L. McCann; Rob Owens |
| **Subject:** | RE: Motion to Stay Discovery |
| **Attachments:** | Request for Informal Discovery Conference FINAL.pdf |

Mr. Libman

You have not responded to my email of April 26 outlining our intended motion to stay discovery, and in particular the depositions of Brian Kabateck and Anastasia Mazzella, until the pending motions to dismiss are resolved.

We previously met and conferred telephonically on April 5 in connection with our ex parte motion to continue these depositions.  You refused then to agree to defer them to a later date, or at all.  We met and conferred again on this topic in email exchanges on April 18 in connection with your ex parte motion to continue the Scheduling Conference.  You rejected my proposal that we continue the discovery until after a continued Scheduling Conference could occur, advising that you considered the proposal "unreasonable and therefore unacceptable."  Out of an abundance of caution that perhaps your position may have changed, I again reached out to you for yet a third time earlier this week regarding our intended motion to stay discovery; but, as noted above, you have not responded.  I must assume you have not changed your position.

Accordingly, I have attached a Request for Informal Discovery Conference, completed with our information.  Please complete the section summarizing your position and, if the times I have proposed for an informal discovery conference do not work for you, provide alternative times on 5/2 and/or 5/3.  If I do not receive your information by 2:30 tomorrow, I will submit the Request unilaterally.   I am copying all counsel on this email to the extent any may have an interest and/or position with respect to our intended motion.

Again, I look forward to your prompt reply.

Best,

Kirk Dillman

**From:** Kirk D. Dillman
**Sent:** Tuesday, April 26, 2022 11:45 AM
**To:** mjl@libmanlaw.com
**Cc:** Anastasia Mazzella (am@kbklawyers.com) <am@kbklawyers.com>; bsk@kbklawyers.com
**Subject:** Motion to Stay Discovery

Mr. Libman

We intend to move for an order staying discovery unless and until the pending motions to dismiss are decided and you have a pleading that has withstood judicial scrutiny.  For all of the reasons detailed in our and other's motions, you have not and cannot plead a viable claim.  Discovery thus is a waste of everyone's time.  Nor is there any urgency in

conducting discovery before the pleading issues are resolved.  You filed this case a matter of months ago.  No pre-trial dates have been set, including no discovery cutoff.  Your ex parte request to further continue the Scheduling Conference will, if successful, result in additional delays.  As will, in all likelihood, the recent assignment of this case to Judge Slaughter.  You certainly have not shown any urgency.  Despite naming nearly two dozen defendants, you have undertaken no discovery until only very recently and then only deposition notices to Brian Kabateck and Anastasia Mazzella.  Your pleading suggests that you intend to question them on the work they did as court-appointed special counsel in the *Jones* matter.  Those issues clearly and almost exclusively implicate privileged work product to which they will not be testifying.  Your recent statement to me that you intended to "annihilate Mr. Kabateck as a lawyer" and that you will show no civility either to him or to his counsel reveal your improper motive to use these depositions simply as a vehicle to harass and annoy Mr. Kabateck and Ms. Mazzella.  The fact that you would not agree to take these depositions remotely in violation of the terms of the restraining order against you further highlights your improper intent.

We met and conferred telephonically on April 5 regarding my prior request to continue these depositions.  You were very clear then that you would not agree to a continuance for any purpose.  You reiterated your position in your April 20 email and in your recent ex parte papers seeking to continue the Scheduling Conference and other dates.  I have no reason to expect that additional discussions would be fruitful but certainly am willing to have them if you think they would.

I look forward to your prompt response.


Best,

**Kirk D. Dillman** | Principal | McKool Smith Hennigan
KDillman@MckoolSmithHennigan.com
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
213.694.1101 (direct)
213.675.0031 (cell)