STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Co-counsel for Plaintiff,
Michael J. Libman

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| **MICHAEL J. LIBMAN**, *et al.*, | 2:22-cv-009455-SSS(MAAx) |
| Plaintiffs, | |
| vs. | **PLAINTIFF'S REPLY ON HIS § 636 MOTION** |
| **UNITED STATES OF AMERICA**, *et al.*, | September 30, 2022[1] |
| | 2:00 p.m. |
| Defendants. | Zoom |
| | Judge Sunshine S. Sykes |

//

---

[1] Plaintiff will make an *ex parte* application to advance to Sept. 16 or continue to Oct. 4, the instant motion, which is a reason that plaintiff files his reply just two days after his receipt of the opposition, and more than a week before it would be due.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff submits this memorandum in support of his § 636 motion.

## I. THE LAW.

Notwithstanding the opposition, what the instant motion boils down to is this:

**1**. There is not yet any Rule 26 scheduling order, so that there is no allowance of the provision of Rule 16(b)(3)(B)(v), that provides: "The scheduling order may . . . direct that before moving for an order relating to discovery, the movant must request a conference with the court . . . ." Without the authority of this provision, a magistrate judge may not direct that before moving for an order relating to discovery, the movant must request a conference with they court. Yet, this is precisely what the Mag. Judge in this matter did. It was extra-legal and *ultra vires*, and therefore, it was erroneous, as a matter of law. This should be the end of the analysis of this matter.

Defense counsel fails at all to address this point, which is dispositive.

**2**. Docket entry 74 states:

| 74 | TEXT ONLY ENTRY by Chambers of Judge Fernando M. Olguin. This matter has been assigned to District Judge Fernando M. Olguin. The Court refers counsel to the Court's Initial Standing Order found on the Court's Website under Judge Olguin's Procedures and Schedules. Please read this Order carefully. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (gga) TEXT ONLY ENTRY (Entered: 01/21/2022) |

**3**. Judge Olguin's standing order, in pertinent part, states:

III. DISCOVERY. A. Generally. Discovery is governed by the Federal Rules of Civil Procedure and applicable Local Rules of the Central District of California. Pro se litigants are entitled to discovery to the same extent as are litigants represented by counsel. The court allows discovery to commence as soon as the first answer or motion to dismiss is filed. The parties should note that, unless otherwise ordered, **discovery shall not be stayed** while any motion is pending, including any motion to dismiss, motion for protective order or motion to stay. **The parties are directed to conduct any necessary discovery as soon as possible, as the court is not**

1 **inclined to grant any extensions of the discovery or other case-related deadlines.**

(Bolding in original.) This order remains in effect. Defense counsel fails to address this point.

    **4**. Judge Sykes June 25, 2022 Reassignment Order, Doc. 183, states that:

> 5. All discovery cutoff and other deadlines associated with this case . . . shall remain in effect.
>
> . . .
>
> 10. Each party is expected to review and become familiar with any and all applicable standing orders.

As set forth hereinabove, Judge Olguin's standing order provides:

> **discovery shall not be stayed** while any motion is pending, including any motion to dismiss, motion for protective order or motion to stay. **The parties are directed to conduct any necessary discovery as soon as possible, as the court is not inclined to grant any extensions of the discovery or other case-related deadlines.**

    **5**. Judge Sykes' Civil Standing Order provides, Doc. 217:

> VI. A.
>
> The parties should begin to propound discovery before the Scheduling Conference. The parties must comply fully with the letter and spirit of Federal Rule of Civil Procedure 26(a) and produce discovery promptly.

## II. CONCLUSION.

It is clear from all of the above, that discovery was not stayed, discovery was to begin immediately, and all of defense counsel Jacobs' protestations to the contrary are incorrect.

Moreover, Mag. Judge Audero's attempt to place an informal discovery conference between plaintiff moving to compel defendant Mills' deposition was incorrect, as a matter of law, and should be vacated and reversed.

Now, the District Judge should cut through all of this and grant plaintiff's discovery motion, and order defendant Mills' deposition, consistently with all

applicable orders and consistent with the "just, inexpensive, and speedy" dictate of Fed. R. Civ. P. Rule 1. This clearly has been the law, for nearly 75 years.

In *Herbert v. Lando*, 441 U.S. 153, 177 (1979), the Court stated:

> The Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials. *Schlagenhauf v. Holder*, 379 U.S. 104, 114–115, 85 S.Ct. 234, 241, 13 L.Ed.2d 152 (1964); *Hickman v. Taylor*, 329 U.S. 495, 501, 507, 67 S.Ct. 385, 388, 391, 91 L.Ed. 451 (1947). But the discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1 that they "be construed to secure the just, *speedy*, and *inexpensive* determination of every action." (Emphasis added.)

*See also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for Southern Dist. of Iowa*, 482 U.S. 522, 542 (1987) ("It is well known that the scope of American discovery is often significantly broader than is permitted in other jurisdictions . . . .").

In the instant matter that should be, as they say, "all she wrote."

Both defense counsel, Jacob Bennett, and defendant, former AUSA, Melissa Mills, took their own relief, by simply failing and refusing to attend Mills' twice, duly-noticed deposition, and then took advantage of Mag. Judge Audero's clearly-illegal, informal discovery procedure further to block plaintiff's discovery motion, and failed and refused to execute plaintiff's proposed discovery stipulation, forcing plaintiff to file his discovery motion without their input. Both of these federal government lawyers know that it is wrong to take one's own relief, and should not have done that. *See e.g. Walker v. City of Birmingham*, 385 U.S. 89 (1966) (party may not take her or his own relief).

The instant motion should be granted.

//
//

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2 | **YAGMAN + REICHMANN, LLP** |
| 3 | |
| 4 | By:  /s/  Stephen Yagman |
|   | **STEPHEN YAGMAN** |