JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 2:21-cv-09455-SSS-MAAx | Date | February 21, 2023 |
|---|---|---|---|
| Title | *Michael J. Libman, et al. v. United States of America, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:  ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [Dkt. 261; Dkt. 262]**

On December 1, 2022, the Court granted Defendants' numerous motions to dismiss plaintiff Michael Libman's ("Plaintiff") first amended complaint.  The Court allowed Plaintiff to amend his causes of action as against the United States, the United States substituted for individual federal officers, and individual federal defendants only.  [Dkt. 254].

Plaintiff timely filed a second amended complaint.  [Dkt. 255].  The United States and individual federal defendants each filed renewed motions to dismiss. [Dkt. 261; Dkt. 262].  These motions are fully briefed. [Dkt. 263, Dkt. 267; Dkt. 264, Dkt. 269].

The Court has reviewed Plaintiff's revised complaint and Defendants' motions.  It finds that the second amended complaint is substantially identical to the prior version, and that the limited amendments Plaintiff has made do not address the grounds for dismissal set forth in the Court's prior order.  The Court notes that although leave to amend is liberally granted, it is properly denied in cases of "repeated failure to cure deficiencies by amendments previously allowed" or where it is clear that further amendment would be futile.  *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015), citing *Foman v. Davis*, 371 U.S. 178, 182

(1962). "The court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended [his] complaint." *Ecological Rights Found v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013), quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

As such, the Court **GRANTS** both motions to dismiss and **DISMISSES** Plaintiffs' claims against the United States, the United States substituted for individual federal officers, and named individual federal defendants.

Having dismissed these claims, the only remaining defendants are two unnamed FBI Special Agents identified as John and Jim Doe. Plaintiffs name them in their seventh and eighth causes of action under California's Bane and Ralph Acts, respectively. For the reasons already set forth in its order granting the named federal defendants' motion to dismiss these two causes of action, the Court concludes that Plaintiff has also failed to state a viable claim against either of the two Doe defendants. [*See* Dkt. 254 at 34-38]. As such, the Court exercises its authority to dismiss both claims against John and Jim Doe sua sponte. *See Urias v. Quiroz,* 895 F.Supp. 262, 264 (S.D. Cal. 1995), citing *Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969); *see also Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980).

The Court thus **DISMISSES** Plaintiff's second amended complaint in full and with prejudice. All parties are **TERMINATED** and this matter is **CLOSED**.

**IT IS SO ORDERED.**